## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

SOLUTIONS 2 GO, LLC,     )
     )
    Plaintiff,     )     CIVIL DIVISION
v.     )
     )     Case No. 2016-cv-22967-UU
WORLD MAGIC GAMES, LLC,     )
HASSAN ALAWIE,     )
     )
    Defendants.     )
     )
     )

## DEFENDANT HASSAN ALAWIE'S VERIFIED EMERGENCY MOTION TO VACATE DEFAULT FINAL JUDGMENT

COMES NOW, the Defendant, HASSAN ALAWIE (hereinafter "HASSAN ALAWIE" or "Defendant"), by and through undersigned counsel, moves to vacate a Final Default Judgment pursuant to Federal Rule of Civil Procedure 60(b), and in support states as follows:

## I.    NATURE OF THE MOTION AND BACKGROUND FACTS

### A.    The Prior California Lawsuit.

1.    In May 2016, the Plaintiff herein filed a separate Civil Complaint in the Superior Court of Orange County, California, against the Defendants herein (the "California Complaint," which initiated the "California Lawsuit"). A true and correct copy of the California Complaint is attached hereto as Exhibit "A".

2.    Plaintiff alleged that Defendant WORLD MAGIC GAMES, LLC (hereinafter "WORLD MAGIC GAMES") breached a contract, and that HASSAN ALAWIE then breached a guaranty securing payment of WORLD MAGIC GAMES' debt.

1

3.      Undersigned counsel is not a member of the California bar, and accordingly was not the counsel of record for Defendants in the California Lawsuit. Undersigned counsel's office was not responsible for any filings in the California Lawsuit. *See* Exhibit "B," Affidavit of undersigned counsel, attached hereto as Exhibit "B" and incorporated herein by reference, at ¶ 4.

4.      However, undersigned counsel was instrumental in retaining California counsel for the Defendants and was heavily involved in the legal and factual discussions (of improper venue and personal jurisdiction as to WORLD MAGIC GAMES, and improper venue, personal jurisdiction, and failure of guaranty as to HASSAN ALAWIE) with California counsel. *See* Ex. "B" at ¶ 5.

5.      In fact, many of the legal arguments raised in the California Lawsuit were based upon the legal research and factual defenses prepared by undersigned counsel, which were then communicated to the California counsel of record for Defendants and ultimately resulted in the dismissal of the California Lawsuit and the filing of the instant action in Florida. *See* Ex. "B" at ¶ 6.

6.      The undersigned counsel is a solo practitioner. As reflected in her affidavit, attached hereto as Exhibit "C," and in undersigned counsel's own affidavit (Ex. "B"), undersigned counsel employs Christina Tigges as his secretary and legal assistant. *See* Ex. "B" at ¶ 7; Ex. "C" at ¶ 3.

7.      As part of her job responsibilities, Ms. Tigges is responsible for (a) organizing undersigned counsel's email communications (filing emails and bringing significant communications to the direct attention of undersigned counsel); and (b) maintaining undersigned's calendar. *See* Ex. "B" at ¶ 11 Ex. "C" at ¶ 10.

8.      Undersigned counsel reasonably relies upon Ms. Tigges in this manner to ensure that all important matters and communications are brought to his attention and are reflected on his calendar. *See* Ex. "B" at ¶ 12.

9.      All of the ECF notices that have been served upon undersigned counsel by this Court in this case were reviewed, sorted, and filed by Ms. Tigges. *See* Ex. "B" at ¶ 13; Ex. "C" at ¶ 8.

10.     After he appeared in this action, undersigned counsel did not see any ECF notices or the filings because his secretary filed them. *See* Ex. "B" at ¶ 14.

11.     Ms. Tigges maintains undersigned counsel's calendar and places deadlines on it when undersigned counsel is counsel of record or the primary attorney responsible for handling a case. *See* Ex. "B" at ¶ 15.

12.     During the pendency of the California Lawsuit, Ms. Tigges was aware that the undersigned's office was not the primary firm handling the out-of-state litigation. Ms. Tigges was instructed that undersigned counsel was merely monitoring the California Lawsuit and providing advice to local counsel for the Defendants in California. *See* Ex. "B" at ¶ 8; Ex. "C" at ¶ 3.

13.     Ms. Tigges was instructed that her only responsibilities with respect to the California Lawsuit were to file undersigned counsel's emails, filings, and papers related to the case. Because the matter was being handled by California counsel, Ms. Tigges was not obligated to monitor deadlines related to the case or place them on undersigned counsel's calendar, because this was being handled by Defendants' attorneys in California. *See* Ex. "B" at ¶ 8; Ex. "C" at ¶ 4.

**B.      This Florida Lawsuit and HASSAN ALAWIE's Guaranty for Debts of World Magic Entertainment, Inc.**

3

14.     On or about June 24, 2016, the Plaintiff herein voluntarily dismissed the California Lawsuit.  A true and correct copy of the Request for Dismissal of the California Lawsuit is attached hereto as Exhibit "D".

15.     After dismissing the California Lawsuit, on or about August 2016, the Plaintiff filed the instant action, which is nearly identical to the California Lawsuit and is against the same Defendants. *See* D.E. 1.

16.     Ms. Tigges did not understand that the California Lawsuit was eventually dismissed and a new action was filed in Florida.  . *See* Ex. "B" at ¶ 25; Ex. "C" at ¶ 5.

17.     Plaintiff alleged two causes of action in this case: (a) breach of contract against WORLD MAGIC GAMES; and (b) breach of guaranty against HASSAN ALAWIE.

18.     Plaintiff attached a personal guaranty ("Guaranty") as Exhibit "B" to its Complaint, which purports to be a Guaranty dated January 4, 2010 by which HASSAN ALAWIE guarantied the debts of *non-party World Magic Entertainment, Inc.* ("World Magic Entertainment").

19.     HASSAN ALAWIE is the President of non-party World Magic Entertainment.

20.     Plaintiff's allegation that HASSAN ALAWIE executed a personal guaranty for the debts of Defendant WORLD MAGIC GAMES is refuted by the Guaranty attached as an Exhibit to its Complaint.  Non-party World Magic Entertainment is a distinct legal entity from WORLD MAGIC GAMES.

   **C.     Defendant HASSAN ALAWIE Failed to Serve any Papers in Response
   to the Florida Lawsuit, but Such Negligence is the Product of Excusable
   Neglect.**

4

21.     Undersigned counsel was retained by Defendants to represent them in this Florida lawsuit.  On August 8, 2016 undersigned counsel filed a Notice of Appearance [D.E. 11] and a Motion for Enlargement of Time [D.E. 10] to respond to Plaintiff's Complaint in this case.

22.     Undersigned counsel sought a twenty (20) day enlargement of time to respond to Plaintiff's Complaint in the Florida case.  D.E. 10.

23.     The following day, the Court granted Defendants a brief enlargement of time—through August 12, 2016—to plead in response to the Florida Complaint.  D.E. 13. The Court granted Defendants four (4) of the twenty (20) days that were requested.

24.     Neither HASSAN ALAWIE nor undersigned counsel was aware that the Order Granting Enlargement had been entered requiring a responsive pleading in four days, and only discovered and reviewed the foregoing after learning of the existence of the Default Final Judgment.

25.     During the period of enlargement, undersigned counsel prepared a draft Motion to Dismiss based upon 1) improper venue and jurisdiction of both Defendants and 2) the failure of Plaintiff to state a claim against HASSAN ALAWIE due to the Guaranty— which guaranties the debts of non-party World Magic Entertainment rather than the debts of WORLD MAGIC GAMES.  *See* Ex. "B" at ¶ 21.  A true and correct copy of this Motion to Dismiss is attached as Exhibit "E."

26.     Additionally, undersigned counsel prepared an Answer for WORLD MAGIC GAMES.  *See* Ex. "B" at ¶ 22.  A true and correct copy of this Answer is attached hereto as Exhibit "F".

27.     Undersigned counsel placed the Motion to Dismiss and Answer on the desk of his secretary under the mistaken belief that she was monitoring ECF notices and deadlines in the Florida case. *See* Ex. "B" at ¶ 24.

28.     Undersigned counsel expected that Ms. Tigges would understand that by placing the Motion to Dismiss and Answer on her desk, he was requesting that she e-file the documents at the appropriate time in this case and before any filing deadline. *See* Ex. "B" at ¶ 24.

29.     Unfortunately, undersigned counsel's secretary did not recognize that a new Florida lawsuit involving the same parties and legal theories has the California Lawsuit had been filed. *See* Ex. "C" at ¶ 5.

30.     Ms. Tigges filed the draft Motion to Dismiss and Answer in the internal file maintained for the Defendants' dispute, rather than e-filing them in this action.  The documents were never e-filed. *See* Ex. "C" at ¶ 12, 13.

31.     This unfortunate situation was the result of a misunderstanding between undersigned counsel and Ms. Tigges; she did not recognize that undersigned counsel was the primary attorney in charge of this case pending in Florida, and that accordingly she would need to e-file documents in the case. Ms. Tigges did not understand the significance of the ECF notices and filings that undersigned counsel received after appearing in this action.  The secretary did not understand that it was her responsibility to ensure that all deadlines in this case were properly placed on the undersigned's calendar. *See* Ex. "B" at ¶ 27; Ex. "C" at ¶ 12.

32.     On August 17, 2016, the Court entered an Order to Show Cause [D.E. 14] requiring that Defendants show cause why they should not be held in default for failing to

plead in response to Plaintiff's Complaint by the deadline established in the Order Granting Enlargement.

33.     Neither HASSAN ALAWIE nor undersigned counsel was aware that the Order to Show Cause had been entered at that time, and only discovered and reviewed the foregoing after learning of the existence of the Default Final Judgment.

34.     Ms. Tigges filed the ECF notice and the Order to Show Cause in the internal office filing system, and undersigned counsel never saw them. *See* Ex. "B" at ¶ 14; Ex. "C" at ¶ 16.

35.     On August 22, 2016, the Plaintiff filed its Motion for Default Final Judgment [D.E. 15].

36.     Neither HASSAN ALAWIE nor undersigned counsel was aware that Plaintiff had filed its Motion for Default Final Judgment at that time, and only discovered and reviewed the foregoing after learning of the existence of the Default Final Judgment.

37.     Ms. Tigges filed the ECF notice and the Motion for Default Final Judgment in the internal office filing system, and undersigned counsel never saw them. *See* Ex. "B" at ¶ 32; Ex. "C" at ¶ 20.

38.     The next day, on August 23, 2016, the Clerk entered a Default against Defendants [D.E. 16].

39.     Neither HASSAN ALAWIE nor undersigned counsel was aware that the Default had been entered at that time, and only discovered and reviewed the foregoing after learning of the existence of the Default Final Judgment.

40.     On August 25, 2016, the Court entered an Order on Motion for Final Default Judgment [D.E. 18] and a Default Final Judgment against Defendants [D.E. 19].

7

41.     Neither Defendant HASSAN ALAWIE nor undersigned counsel were aware that the Default Final Judgment had been entered at that time, and only discovered and reviewed the foregoing after learning of its existence as described below.

42.     Ms. Tigges filed the ECF notices, the Order on Motion for Final Default Judgment, and the Default Final Judgment in the internal office filing system, and undersigned counsel never saw them. *See* Ex. "B" at ¶ 38; Ex. "C" at ¶ 22.

43.     The Default Final Judgment provides that Defendant WORLD MAGIC GAMES, LLC and its purported "guarantor" Defendant HASSAN ALAWIE are jointly and severally liable to Plaintiff for the significant sum of $911,000.00.

44.     Neither undersigned counsel nor Defendants exhibited any bad faith in their failure to plead in response to Plaintiff's Complaint. Unfortunately, due to communication problems and simple misunderstandings, Defendants missed the pleading deadline.

45.     The undersigned's secretary—not fully understanding that a new Florida action involving the same parties had commenced—believed the same course of conduct applied to papers related to the Florida case as to those related the previous California Lawsuit, i.e., that undersigned counsel's office would be assisting a *different* counsel of record but not filing actual pleadings. Ms. Tigges believed that her only duties in the case were administrative—to collect and file email correspondence. She did not know that she also needed to monitor deadlines and ensure that the responsive pleadings were e-filed.

46.     The secretary's misunderstanding and the Defendants' failures to plead in response to the Complaint was due to mistake, inadvertence, and excusable neglect, in light of the California action involving the same claims and the same parties.

**D.     Defendant HASSAN ALAWIE Has Meritorious Defenses.**

47.     In his unfiled Motion to Dismiss for Failure to State a Cause of Action, HASSAN ALAWIE alleges a meritorious defense.  In fact, under a plain reading of Plaintiff's Complaint in this case—when it is considered in conjunction with its controlling exhibits, as the Court must do—HASSAN ALAWIE cannot be held personally liable for breach of the Guaranty, because it does not apply to the debt of the corporate defendant.

48.     Plaintiff's Complaint asserts that WORLD MAGIC GAMES failed to pay for certain products and breached a contract with Plaintiff, resulting in a debt owed to Plaintiff by WORLD MAGIC GAMES.

49.     Plaintiff conclusorily alleges that HASSAN ALAWIE breached the Guaranty *by failing to pay the debts of WORLD MAGIC GAMES*.  Specifically, it states:

> As an inducement for Solutions to Sell these video games Consoles and accessories to World Magic on Credit, Alawie, a principle of World Magic, signed a "Personal Guaranty," in which he agreed to "unconditionally guarantee" the payment of any and all debts owed from World Magic to Solutions.

50.     But the Exhibit attached and incorporated as a matter of law into Plaintiff's Complaint makes clear that the "World Magic" referred to in Plaintiff's Complaint is non-party World Magic Entertainment, *not* WORLD MAGIC GAMES.

51.     The Guaranty is dated *January 4, 2010*, and reflects the guaranty of HASSAN ALAWIE for the debts of a *wholly separate corporate entity*.

52.     WORLD MAGIC GAMES did not even exist in January 2010, when the Guaranty attached as Exhibit "B" to Plaintiff's Complaint was executed.

53.     As reflected in the attached printout from the website of the Florida Secretary of State, WORLD MAGIC GAMES was not organized until February 2011, *more than one-year* after the Guaranty for World Magic Entertainment was purportedly

executed by HASSAN ALAWIE. *See* attached Exhibit "G."

54.     HASSAN ALAWIE should not be held personally liable for a debt of WORLD MAGIC GAMES pursuant to his Guaranty of the debts of non-party World Magic Entertainment, Inc. Given that HASSAN ALAWIE's only liability in this case (and his liability under the Final Default Judgment) is entirely premised upon the Guaranty, which does not apply, HASSAN ALAWIE has a meritorious defense in this case. This is exactly the defense that HASSAN ALAWIE intended to raise in his Motion to Dismiss, which unfortunately was not filed due to excusable neglect as described above.

**E.      Undersigned Counsel Finally Learned of the Final Default Judgment When He Received Plaintiff's Notices of Deposition in Aid of Execution by Certified Mail.**

55.     Undersigned counsel first became aware of the Final Default Judgment when he received a UPS hard copy of discovery in aid of execution (one for HASSAN ALAWIE and the other for WORLD MAGIC GAMES) by certified mail on or arounf October 8, 2016. This was the first time that undersigned counsel recognized that the default judgment had been entered against Defendants. *See* Ex. "B" at ¶ 37.

56.     HASSAN ALAWIE has moved quickly and diligently to determine what caused the Default Final Judgment to be entered against him, and to take the steps necessary to "undo" the improper determination that he is personally liable for a $911,000 debt of an entity that was not within the purview of his Guaranty.

57.     HASSAN ALAWIE immediately sought the advice of his counsel—not only the undersigned, but other attorneys as well. HASSAN ALAWIE and his legal advisors immediately began to investigate how the Default Final Judgment could have been entered against him, and upon the discovery of the problems that resulted in the Default

Final Judgment, and he now expeditiously moves to vacate it.

58.     The Final Default Judgment against HASSAN ALAWIE should be vacated pursuant to Federal Rule of Civil Procedure 60(b) for at least two reasons.

59.     First, even assuming that the allegations in Plaintiff's Complaint are true because HASSAN ALAWIE failed to file any response contesting them, the Final Default Judgment against him individually is improper because the Complaint (and specifically the controlling Guaranty in favor of non-party World Magic Entertainment.) does not state a claim against HASSAN ALAWIE.  Plaintiff's Complaint cannot allege that HASSAN ALAWIE breached the Guaranty by failing to pay WORLD MAGIC GAMES debt. Plaintiff is playing a shell game and attempting to use the Guaranty for the debt of WORLD MAGIC GAMES when that entity is not within the scope of the Guaranty and did not even exist when it was executed.

60.     Second, the Final Default Judgment should be vacated due excusable neglect, because Defendant HASSAN ALAWIE can show that he has a meritorious defense.  The failure to timely plead in response was the result of miscommunications between undersigned counsel and his secretary, and the secretary's confusion of this litigation in Florida with prior litigation regarding the same subjects between the same parties in California.  The Court should allow the claim against HASSAN ALAWIE to be determined on its merits, especially given the significant amount of the judgment.

## II.   ARGUMENT

61.     Federal Rule of Civil Procedure 60 (b) provides in pertinent part as follows:

> On motion and just terms the court may relieve a party of
> its legal representative from a final judgment, order or
> proceeding for the following reasons:

11

(1) mistake, inadvertence, surprise, or excusable neglect;

…

(4) the judgment is void;

[or]

(6) any other reason that justifies relief.

62.     The entry of a default judgment is one of the most severe sanctions that a federal court can impose upon a party for failure to comply with the Federal Rules of Civil Procedure. *See, e.g. Mitchell v. Williamson Tobacco Corp.*, 294 F. 3d 1309, 1316-17 (11th Cir. 2002) ("Entry of a judgment by default is a drastic remedy which should be used only in extreme situations.").

63.     Federal courts prefer to decide cases upon their merits, rather than based upon technicalities. There is a strong judicial preference for deciding cases on their merits; this policy militates in favor of setting aside default final judgments and encourages a liberal construction of Federal Rule of Civil Procedure 60. *See In re Worldwide Web Sys., Inc.*, 328 F. 3d 1291, 1295 (11th Cir. 2003). So if this Court has any doubt as to whether the Final Default Judgment against HASSAN ALAWIE should be vacated, it should rule that the claim should be determined on its merits.

64.     Here, the Final Default Judgment should be vacated because it is contrary to the controlling Exhibit to Plaintiff's Complaint, and because the failure of to serve papers in response was the product of excusable neglect.

**A. Even Admitting the Allegations in Plaintiff's Complaint Are True, When the Guaranty Exhibit Is Considered, It is Clear that Plaintiff's Complaint Cannot State a Claim for Personal Liability Against Defendant HASSAN ALAWIE.**

     i.     **A default judgment is improper if the Complaint fails to state a claim for which relief can be granted.**

65.     Under the Federal Rules of Civil Procedure, the practical result of failing to respond to a Complaint is to admit the well-pleaded facts therein.  But "[w]hile a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, he is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Surtain v. Hamlin Terrace Found.*, 789 F. 3d 1239, 1245 (11th Cir. 2015) (quoting *Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005).  A default judgment should only be entered "when there is a sufficient basis in the pleadings for the judgment entered."  *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

66.     The Eleventh Circuit recently addressed what constitutes a "sufficient basis in the pleadings" necessary to support a default judgment, and held that the standard is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.  See Chudasama v. Mazda Motor Corp.*, 123 F3d 1353, 1370 n. 41 (11th Cir. 1997) ("A default judgment cannot stand on a complaint that fails to state a claim.").

     i.     **Plaintiff's Complaint fails to state a claim for Breach of Guaranty Against HASSAN ALAWIE.**

67.     If one ignores the self-serving allegations in Plaintiff's Complaint and considers the express terms of the Guaranty attached as its Exhibit "B," it is clear that Plaintiff has not alleged a claim for breach of the Guaranty against HASSAN ALAWIE, because the alleged debt at issue in this case allegedly belongs to WORLD MAGIC GAMES and not World Magic Entertainment.  The Guaranty contradicts the allegations in the Complaint that HASSAN ALAWIE guarantied the debt of the corporate Defendant.

68.     The Eleventh Circuit has made it clear that when a plaintiff attaches exhibits to a complaint and the exhibits contradict the allegations of the complaint, the exhibits control. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Id.; see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint.").

69.     Here, the Exhibit itself makes clear that the Guaranty is for the debts of non-party World Magic Entertainment, not Defendant WORLD MAGIC GAMES.  But the breach alleged in Plaintiff's complaint relates to the debt of WORLD MAGIC GAMES. The Complaint accordingly fails to state a cause of action against HASSAN ALAWIE.

70.     "[T]he aim of Rule 60(b) [is] to allow a district court to grant relief when its judgment rests upon a defective foundation." *Bush v. Raytheon Co.*, 2011 U.S. Dist. LEXIS 40442, *7 (quoting *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291–92 (11th Cir. 2004)).

71.     Here, the personal liability of HASSAN ALAWIE rests upon just such a "defective foundation"—namely, the Guaranty that does not apply to the debt of WORLD MAGIC GAMES.

**B.     In the Alternative, the Final Judgment Should Be Set Aside for Excusable Neglect.**

72.     In the event that the Court finds that the Final Judgment is improper because it is contrary to Plaintiff's Complaint, it nevertheless should be vacated for excusable neglect.  Undersigned counsel and his secretary misunderstood the role of their firm in this

14

action and were confused because of the firm's "background" role in the prior California Lawsuit.

73.     A party seeking to set aside a either a clerk's default or a default judgment must show that: (1) it had a meritorious defense that might have effected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint.  *See In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).

74.     HASSAN ALAWIE, undersigned counsel, and counsel's secretary all state under oath that they were not aware of the deadline to file a responsive pleading, the Court's Order to Show Cause, the Clerk's Default, Plaintiff's Motion for Final Default Judgment, or the Default Final Judgment itself until after the Default Final Judgment was entered.

### i.     HASSAN ALAWIE has a meritorious defense.

75.     Applying the test to these facts, the Court should first find that HASSAN ALAWIE has a meritorious defense.  In assessing a defendant's meritorious defense, "the likelihood of success is not the measure.  [A defendant's] allegations are meritorious if they contain *even a hint of suggestion*, which, if proven at trial, would constitute a complete defense." *Sobkowski v. Wyeth*, 2004 U.S. Dist. LEXIS 28726 (M.D. Fla. 2004) (internal quotation omitted and emphasis added).

76.     Here, as discussed above, HASSAN ALAWIE has a clear defense to liability, because the Guaranty does not apply to the alleged debt of WORLD MAGIC GAMES that is at issue in the case.

### ii.     Plaintiff will not be prejudiced.

77.     Second, Plaintiff will not be prejudiced if the Final Default Judgment is vacated any more than any plaintiff is when a judgment is set aside.  A "prejudice" that would militate against vacating the Final Default Judgment must be more than simply having to litigate a claim upon the merits rather than winning a $911,000 personal judgment based upon a technicality.  The fact that setting aside a default would deprive Plaintiff from a quick resolution to the case "is not [] the type of prejudice relevant to the Court's inquiry." *Sobkowski*, 2004 U.S. Dist. LEXIS 28726, *2.  "Rather the prejudice to be considered [] is the effect of setting aside the default, if any, on Plaintiff's ability to prosecute the case on the merits." *Id.*; *see Tyco Fire & Sec. v. Alcocer*, 2009 U.S. Dist. LEXIS 27720, *8-9 (S. D. Fla. 2009).

78.     There is no such prejudice here.  This case was in its initial phase when the Court entered the Final Default Judgment, and there is no indication that Plaintiff has changed its position in any way since that time in reliance upon the existence of the judgment.  Plaintiff has the same ability to prosecute this case on the merits that it had a month ago before the entry of the Final Default Judgment.

79.     On the other hand, the prejudice that the Final Default Judgment presents to Defendant HASSAN ALAWIE is brutal, especially given that the Complaint makes clear that Plaintiff is not entitled to the relief it seeks pursuant to the Guaranty.

### iii.     HASSAN ALAWIE had good and understandable reasons that he failed to timely respond to Plaintiff's Complaint.

80.     Finally, HASSAN ALAWIE has good reasons that he failed to reply to the Complaint.

81.     In assessing good cause, the Court should consider whether the default was the result of culpable or willful conduct on the part of the defaulting party.  *Compani*

*Interamericana Ex.-Imp., S.A. v. Compenia Domenicana De Aviacion*, 88 F. 3d 948, 951 (11th Cir. 1996). The Eleventh Circuit has repeatedly acknowledged that most failures to follow court orders are not willful, as long as the defendant was not given ample opportunity to comply and failed to do so. *See id.*, 88 F. 3d at 952; *Robinson v. U.S.*, 734 F. 2d 735, 739 (11th Cir. 1984); *Katz v. MRT, LLC*, 2008 U.S. Dist. LEXIS 45586, *3 (S.D.Fla. 2008); *Alcocer*, 2009 U.S. Dist. LEXIS 27720, *8-9.

82.     The Supreme Court clarified what constitutes "excusable neglect" in the context of Federal Rule of Civil Procedure 60(b) in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993). It held that "for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394. Whether to set aside a judgment for excusable neglect is an equitable determination based upon "all relevant circumstances surrounding the party's omission." *Id.*; *see Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996).

83.     Here, the totality of the circumstances surrounding the failure of HASSAN ALAWIE to plead in response to Plaintiff's Complaint militate in favor of vacating the Final Default Judgment.   HASSAN ALAWIE depended upon undersigned counsel retained to handle the Florida lawsuit.   In turn, undersigned counsel depended upon his secretary to monitor his emails, provide him with relevant ECF notices and filings, monitor litigation deadlines, maintain undersigned counsel's calendar, and e-file documents in federal litigation for undersigned counsel's clients.

84.     Ms. Tigges and undersigned counsel have provided sworn testimony regarding their miscommunications and misunderstandings regarding their firm's role in

17

the Florida litigation, which at worst amount to exactly the form of negligence that Rule 60(b)(1) is designed to remedy. Undersigned counsel and his secretary have both acknowledged their roles in the failure to respond, and further explained how the confusion is understandable given that undersigned counsel was not the responsible attorney of record in the previously-filed California Lawsuit involving the same parties and claims in a different venue.

85. Undersigned counsel and his secretary have attested under oath that Ms. Tigges failed to file the Motion to Dismiss that was prepared for HASSAN ALAWIE because the papers were mistakenly assumed to be draft documents in the California Litigation, rather than documents that undersigned counsel was requesting that his secretary e-file in the instant litigation.

86. Courts routinely grant motions to vacate for excusable neglect when the defendant's failure to respond to the Complaint is the result of honest mistakes, and clerical and secretarial errors or omissions. In *Barber v. Turberville*, 218 F.2d 34 (D.C. Cir. 1954), the attorney claimed that "through oversight an answer was not filed 'because the complaint became mixed with another file.'" *Id.* at 35. The court granted the motion to set aside the final default judgment and found the confusion between the files was excusable neglect. *Id.* at 36. The *Barber* court focused on the conduct of the client, more than the conduct of the attorney, reasoning that the defendant was not "personally negligent" and that in such circumstances "courts have been reluctant to attribute to the parties the errors of their legal representatives." *Id.* (citations omitted).

87.     Here, it is clear that HASSAN ALAWIE has not personally made an error of any sort. If there was any excusable neglect, it was on the part of undersigned counsel and his secretary.

88.     Finally, Defendant has acted expeditiously after learning of the Default Final Judgment. Undersigned counsel first became aware of the Final Default Judgment on October 8, 2016, and brought it to the attention of HASSAN ALAWIE. Defendant sought the advice of counsel and investigated how the Final Default Judgment could have been entered against him, and now moves quickly to vacate it.

89.     For the foregoing reasons, if the Court rules that the Final Default Judgment shall not be vacated because Plaintiff's Complaint fails to state a claim against him, it should alternatively be set aside as a product of excusable neglect under Rule 60(b)(1). The claim against HASSAN ALAWIE should be determined on its merits.

**C.      Again in the Alternative, the Final Judgment Should Be Set Aside Pursuant to Federal Rule of Civil Procedure 60(b)(6).**

90.     In the event that the Court finds that the Final Default Judgment is not improper because it contradicts the Complaint, and the Court finds that the Default Final Judgment should not be vacated for excusable neglect, it nevertheless should be set aside pursuant to Rule 60(b)(6) in the interests of justice.

91.     Rule 60(b)(6) "is a broadly drafted umbrella provision which has been described as a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses [in Rule 60(b)]." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (citations omitted). Vacating a judgment under Rule 60(b)(6) is appropriate upon a showing of "exceptional circumstances." *Id.* The party

seeking to vacate the judgment under this rule must show that "absent such relief, an 'extreme' and 'unexpected' hardship will result." *Id.* (citations omitted).

92.    Here, "exceptional circumstances" warrant vacating the Default Final Judgment.  Through absolutely no fault of his own, HASSAN ALAWIE finds himself liable to Plaintiff for $911,000 dollars due to a contractual guaranty that has no application to the alleged debt. A judgment of nearly a million dollars is certain an "extreme" hardship. And a judgment based upon a Guaranty for a completely different company is also completely "unexpected."

93.    It would be a miscarriage of justice to allow the Final Judgment to stand without resolving the dispute according to its merits.

## II.    CONCLUSION

WHEREFORE, Defendant requests this Court grant HASSAN ALAWIE's Motion and enter an Order Vacating the Default Final Judgment against him, and  ordering that he file a response to the Complaint, and for all other relief to which he may be entitled.


### VERIFICATION

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

I, the undersigned, do hereby swear that I am HASSAN ALAWIE, and that each and every fact contained in the preceding motion is true and correct to the best of my direct knowledge and belief, and that I am a competent adult.

HASSAN ALAWIE

## NOTARIZATION

The foregoing instrument was sworn to and acknowledged before me this 2o day of _october_, 2016 by HASSAN ALAWIE, who is personally know to me or who produced _____ as identification, and who did ___ or did not ⟋take an oath, and who executed the foregoing, and who acknowledged the foregoing to be freely and voluntarily made.



[SEAL OR STAMP]

KEVIN D. DENNIS
MY COMMISSION # EE 867150
EXPIRES: February 15, 2017
Bonded Thru Notary Public Underwriters

21

Respectfully Submitted,

Law Offices of Kevin D. Dennis, LLC

Attorney for the Defendant
45 Almeria Avenue
Coral Gables, Florida 33134
(305) 577-0311
(305) 577-0321


KEVIN D. DENNIS, ESQUIRE
Florida Bar # 0756431
kevin@dennislegal.com


## CERTIFICATION

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to

Etan Mark, Esquire, emark@bergersingerman.com
Colleen Maranges, Esquire, cmaranges@bergersingerman.com


this 20 day of October , 20 16 .


Kevin D. Dennis, Esquire

22

RUTAN & TUCKER, LLP
Richard K. Howell (State Bar No. 144241)
rhowell@rutan.com
Proud Usahacharoenporn (State Bar No. 278204)
pusaha@rutan.com
611 Anton Boulevard, Suite 1400
Costa Mesa, California 92626-1931
Telephone:    714-641-5100
Facsimile:    714-546-9035

Attorneys for Plaintiff
SOLUTIONS 2 GO, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/04/2016** at 01:50:56 PM

Clerk of the Superior Court
By Truomy Vu,Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE

| SOLUTIONS 2 GO, LLC, | Case No. 30-2016-00850285-CU-BC-CJC |
| | Judge Walter Schwarm |
| Plaintiff, | |
| | **COMPLAINT FOR:** |
| vs. | |
| | (1)  **BREACH OF CONTRACT;** |
| WORLD MAGIC GAMES, LLC; HASSAN ALAWIE; and DOES 1-20, | (2)  **BREACH OF GUARANTY;** |
| | (3)  **UNJUST ENRICHMENT;** |
| | (4)  **ACCOUNT STATED; and** |
| Defendant. | (5)  **OPEN BOOK ACCOUNT** |

Plaintiff Solutions 2 Go, LLC ("Solutions") alleges the following:

**THE PARTIES**

1.      Solutions is now, and at all relevant times herein mentioned was, a limited liability company duly organized and in good standing under the laws of the State of California. Solutions is authorized to do business in California and maintains its principal place of business in Orange County, California.

2.      Solutions is informed and believes and based thereon alleges that defendant World Magic Games, LLC ("World Magic") is a Florida limited liability company that is subject to jurisdiction in California because, among other reasons, it regularly transacts substantial, continuous and systematic business in California and regularly advertises to and does business with consumers and other companies in California.

3.      Solutions is informed and believes and based thereon alleges that defendant Hassan

EXHIBIT "A"

1  Alawie ("Alawie") is a resident of Florida who is subject to jurisdiction in California because,
2  among other reasons, he regularly transacts substantial, continuous and systematic business in
3  California and regularly advertises to and does business with consumers and other companies in
4  California.

5      4.      The true names and capacities, whether individual, corporate, associate, or
6  otherwise, of Does 1 through 20, inclusive, are unknown to Solutions, who therefore sues said
7  defendants by such fictitious names. Solutions will amend this Complaint to show the true names
8  and capacities of Does 1 through 20, inclusive, when they have been ascertained. Solutions is
9  informed and believes and based thereon alleges that each of the fictitiously named defendants
10 Does 1 through 20 participated in and are in some manner responsible for the acts alleged in this
11 Complaint and the damage resulting therefrom. Solutions is informed and believes and thereon
12 alleges that Does 1 through 20 reside in this judicial district and/or are subject to jurisdiction as it
13 relates to this dispute. World Magic, Alawie, and Does 1 through 20 are hereinafter collectively
14 referred to as "Defendants."

15     5.      Solutions is informed and believes and based thereon alleges that at all relevant
16 times, the Defendants, unless otherwise alleged, were acting as the alter egos, agents, servants,
17 employees, successors or predecessors-in-interest, of each other, and were acting within the course
18 and scope of such relationship, with the knowledge, express or implied, of each such other named
19 Defendant.

20     6.      Venue is proper in Orange County, California because Defendants' payment
21 obligations referred to herein were to be performed at Solutions' principal place of business
22 located in Orange County, California.

23                                      **OPERATIVE FACTS**

24     7.      Solutions is a distributor of video games and related products, and World Magic is
25 a wholesaler and reseller of video games and related products.

26     8.      In fall 2015, World Magic ordered video game consoles and accessories from
27 Solutions for a total of $931,740. True and correct copies of the invoices memorializing these
28 orders are attached hereto as Exhibit A. Solutions delivered the goods, and World Magic accepted

1   the goods.

2       9.     After making one payment of $20,000, World Magic thereafter failed and refused

3   to make any further payments on these invoices, despite Solutions' requests. As such, World

4   Magic owes Solutions a total of $911,740, plus interest.

5       10.    Alawie, a principal of World Magic, signed a "Personal Guaranty," in which he

6   agreed to "unconditionally guarantee[] the payment of any and all" debts owed from World Magic

7   to Solutions. To date, and despite Solutions' requests, Alawie has failed and refused to pay

8   Solutions any of the $911,740 owed by World Magic.

9                   **FIRST CAUSE OF ACTION**

10           **(For Breach of Contract Against World Magic**

11              **and Does 1 Through 10, inclusive)**

12      11.    Solutions realleges and hereby incorporates by reference paragraphs 1 through 10

13   above, inclusive.

14      12.    Solutions and World Magic are parties to an agreement that was part written and

15   part oral wherein World Magic bought video game consoles and accessories from Solutions in

16   exchange for a promise to pay Solutions for those products.

17      13.    Solutions performed all terms and conditions required of it under the agreement.

18      14.    World Magic breached the parties' agreement by failing to pay Solutions $911,740

19   plus interest owed on the invoices attached as Exhibit A.

20      15.    As a direct result of World Magic's breach, Solutions was damaged in excess of

21   $911,740 plus prejudgment interest.

22                **SECOND CAUSE OF ACTION**

23           **(For Breach of Guaranty Against Alawie**

24            **and Does 10 Through 20, inclusive)**

25      16.    Solutions realleges and hereby incorporates by reference paragraphs 1 through 15

26   above, inclusive.

27      17.    Alawie executed the Personal Guaranty in favor of Solutions.

28      18.    Solutions performed all terms and conditions required of it under the Personal

2530/027686-0015
9620938.1 a05/03/16                   -3-
                         COMPLAINT

1   Guaranty.

2       19.     Alawie breached the parties' agreement by failing to pay for World Magic's debt of

3   $911,740 plus interest owed on the invoices attached as Exhibit A.

4       20.     As a direct result of Alawie's breach of the Personal Guaranty, Solutions was

5   damaged in excess of $911,740 plus prejudgment interest.

6                           **THIRD CAUSE OF ACTION**

7                   **(For Unjust Enrichment Against All Defendants**

8                       **and Does 1 Through 20, inclusive)**

9       21.     Solutions realleges and hereby incorporates by reference paragraphs 1 through 20

10  above, inclusive.

11      22.     By virtue of its wrongful acts and breaches of contract, Defendants, and each of

12  them, received a substantial benefit from the video game consoles and accessories Solutions sold

13  to them for which Solutions has not been paid.

14      23.     Retention of these benefits by Defendants, and each of them, would be unjust for

15  the reasons stated herein.

16      24.     As a direct and proximate result of Defendants' wrongful actions and breaches of

17  contract as alleged herein, Defendants have been unjustly enriched in an amount to conform to

18  proof at trial.

19                         **FOURTH CAUSE OF ACTION**

20                           **(For Account Stated**

21               **Against All Defendants and Does 1 Through 20, inclusive)**

22      25.     Solutions realleges and hereby incorporates by reference paragraphs 1 through 24

23  above, inclusive.

24      26.     Solutions and World Magic (and its principal Alawie) had a series of business

25  transactions whereby World Magic purchased products from Solutions.

26      27.     Solutions kept an account of the debits and credits related to the transactions.

27      28.     Defendants, by their words and conduct, including by accepting Solutions'

28  products, agreed that they owe, and promised to pay, $911,740 plus prejudgment interest.

29.   Defendants have not paid Solutions the amount owed under this account.  To date, Defendants owe Solutions $911,740 plus prejudgment interest.

### FIFTH CAUSE OF ACTION

### (For Open Book Account

### Against All Defendants and Does 1 Through 20, inclusive)

30.   Solutions realleges and hereby incorporates by reference paragraphs 1 through 29 above, inclusive.

31.   Solutions and World Magic (and its principal Alawie) had a series of business transactions whereby World Magic purchased products from Solutions.

32.   Solutions kept an account of the debits and credits related to the transactions. According to this account, Defendants owe Solutions $911,740 plus prejudgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Solutions prays for judgment against Defendants, as follows:

1.   For damages in an amount to be established according to proof at trial in an amount of at least $911,740;

2.   For disgorgement and restitution;

3.   For prejudgment interest at the maximum rate allowable by applicable law;

4.   For attorneys' fees if and to the extent permitted by applicable law;

5.   For costs of suit incurred herein; and

6.   For such other and further relief as the Court deems just and proper.

Dated: May 3, 2016

RUTAN & TUCKER, LLP
RICHARD K. HOWELL
PROUD USAHACHAROENPORN

By: _____

Proud Usahacharoenporn
Attorneys for Plaintiff SOLUTIONS 2 GO,
LLC

# EXHIBIT A



SOLUTIONS
2GO

Remit Payments To:
Solutions 2 GO, LLC.  USA
PO Box 840389
Los Angeles, CA 90084-0389

Tel (949) 825-7700 || Fax (949) 825-7701

# INVOICE

| Invoice Date | Invoice No. | Page |
|---|---|---|
| 8/25/2015 | D0005291 | 1 of 1 |

**Sold To:**

World Magic Games, LLC          WO02
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

**Ship To:**

World Magic Games, LLC  PRIMARY
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

| Order No. | Order Date | Customer No. | Sales Rep | Purchase Order No. | Ship Date | Ship Via | Terms |
|---|---|---|---|---|---|---|---|
| D0006785 | 8/24/2015 | WO02 | MOETA | PS4 HW | 8/24/2015 | PREPAID | Net 30 |

| Quantity Ordered | Quantity Shipped | Item No. | Item Description | Unit Price | Extended Price |
|---|---|---|---|---|---|
| 720 | 720 | 711719050513 | PS4 HW 500GB US/CAN (CUH-1001A) Black RB - | $280.00 | $201,600.00 |

Total Units Shipped          720

ANY CLAIM FOR DAMAGED MERCHANDISE SHOULD BE FILED WITH CARRIER AT TIME OF DELIVERY.
DAMAGED MERCHANDISE AND SHORTAGES MUST BE REPORTED TO SOLUTIONS 2 GO, LLC.  USA
WITHIN TWO (2) DAYS OF RECEIPT OF SHIPMENT.

DEFECTIVE MERCHANDISE RETURNS WILL ONLY BE ACCEPTED WITHIN 90 DAYS FROM ABOVE
"INVOICE DATE".  ONLY RETURNS WITH A VALID RETURN AUTHORIZATION NUMBER WILL BE
ACCEPTED.  MERCHANDISE PURCHASED AS "CLOSE OUT" WILL NOT BE ELIGIBLE FOR RETURN.

| | |
|---|---|
| Sales Amount | $201,600.00 |
| Discount | $0.00 |
| Freight | $0.00 |
| Sales Tax | $0.00 |
| Total | $201,600.00 |

TRACKING: No tracking data found

Exhibit A, Page 6



Remit Payments To:
Solutions 2 GO, LLC. USA
PO Box 840389
Los Angeles, CA 90084-0389

Tel (949) 825-7700 || Fax (949) 825-7701

## INVOICE

| Invoice Date | Invoice No. | Page |
|---|---|---|
| 9/11/2015 | D0005318 | 1 of 1 |

Sold To:

World Magic Games, LLC          WO02
2201 NW 102nd Pl Ste 5

Miami, FL 33172-2521

Ship To:

World Magic Games, LLC  PRIMARY
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

| Order No. | Order Date | Customer No. | Sales Rep | Purchase Order No. | Ship Date | Ship Via | Terms |
|---|---|---|---|---|---|---|---|
| D0006810 | 9/8/2015 | WO02 | MOETA | PS4 DESTINY BUNDLE | 9/11/2015 | PREPAID | Net 30 |

| Quantity Ordered | Quantity Shipped | Item No. | Item Description | Unit Price | Extended Price |
|---|---|---|---|---|---|
| 630 | 630 | 711719501855 | PS4 500GB HW Bundle (CUH-1215A BZ5) Limited Edition Destiny: The Taken | $388.00 | $244,440.00 |
| **Total Units Shipped** | **630** | | | | |

ANY CLAIM FOR DAMAGED MERCHANDISE SHOULD BE FILED WITH CARRIER AT TIME OF DELIVERY.
DAMAGED MERCHANDISE AND SHORTAGES MUST BE REPORTED TO SOLUTIONS 2 GO, LLC. USA
WITHIN TWO (2) DAYS OF RECEIPT OF SHIPMENT.

DEFECTIVE MERCHANDISE RETURNS WILL ONLY BE ACCEPTED WITHIN 90 DAYS FROM ABOVE
"INVOICE DATE". ONLY RETURNS WITH A VALID RETURN AUTHORIZATION NUMBER WILL BE
ACCEPTED.  MERCHANDISE PURCHASED AS "CLOSE OUT" WILL NOT BE ELIGIBLE FOR RETURN.

| | |
|---|---|
| Sales Amount | $244,440.00 |
| Discount | $0.00 |
| Freight | $0.00 |
| Sales Tax | $0.00 |
| Total | $244,440.00 |

TRACKING: No tracking data found

Exhibit A, Page 7



**SOLUTIONS 2GO**

Remit Payments To:
Solutions 2 GO, LLC.  USA
PO Box 840389
Los Angeles, CA 90084-0389

Tel (949) 825-7700 || Fax (949) 825-7701

# INVOICE

| Invoice Date | Invoice No. | Page |
|---|---|---|
| 9/28/2015 | D0005351 | 1 of 1 |

Sold To:

World Magic Games, LLC          WO02
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

Ship To:

World Magic Games, LLC  PRIMARY
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

| Order No. | Order Date | Customer No. | Sales Rep | Purchase Order No. | Ship Date | Ship Via | Terms |
|---|---|---|---|---|---|---|---|
| D0006846 | 9/28/2015 | WO02 | MOETA | DS PS4 BLACK | 9/28/2015 | PREPAID | Net 30 |

| Quantity Ordered | Quantity Shipped | Item No. | Item Description | Unit Price | Extended Price |
|---|---|---|---|---|---|
| 1000 | 1000 | 711719100379 | SONY DUALSHOCK 4 CONTROLLER [BLACK] - | $40.50 | $40,500.00 |
| Total Units Shipped | 1000 | | | | |

ANY CLAIM FOR DAMAGED MERCHANDISE SHOULD BE FILED WITH CARRIER AT TIME OF DELIVERY.
DAMAGED MERCHANDISE AND SHORTAGES MUST BE REPORTED TO SOLUTIONS 2 GO, LLC.  USA
WITHIN TWO (2) DAYS OF RECEIPT OF SHIPMENT.

DEFECTIVE MERCHANDISE RETURNS WILL ONLY BE ACCEPTED WITHIN 90 DAYS FROM ABOVE
"INVOICE DATE".  ONLY RETURNS WITH A VALID RETURN AUTHORIZATION NUMBER WILL BE
ACCEPTED.  MERCHANDISE PURCHASED AS "CLOSE OUT" WILL NOT BE ELIGIBLE FOR RETURN.

| | |
|---|---|
| Sales Amount | $40,500.00 |
| Discount | $0.00 |
| Freight | $0.00 |
| Sales Tax | $0.00 |
| Total | $40,500.00 |

TRACKING: No tracking data found

Exhibit A, Page 8



Remit Payments To:
Solutions 2 GO, LLC.  USA
PO Box 840389
Los Angeles, CA 90084-0389

Tel (949) 825-7700 || Fax (949) 825-7701

## INVOICE

| Invoice Date | Invoice No. | Page |
|---|---|---|
| 8/27/2015 | D0005300 | 1 of 1 |

Sold To:

World Magic Games, LLC          WO02
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

Ship To:

World Magic Games, LLC  PRIMARY
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

| Order No. | Order Date | Customer No. | Sales Rep | Purchase Order No. | Ship Date | Ship Via | Terms |
|---|---|---|---|---|---|---|---|
| D0006794 | 8/27/2015 | WO02 | MOETA | PS4 HW | 8/27/2015 | PREPAID | Net 30 |

| Quantity Ordered | Quantity Shipped | Item No. | Item Description | Unit Price | Extended Price |
|---|---|---|---|---|---|
| 1440 | 1440 | 711719050513 | PS4 HW 500GB US/CAN (CUH-1001A) Black RB - | $280.00 | $403,200.00 |

Total Units Shipped          1440

ANY CLAIM FOR DAMAGED MERCHANDISE SHOULD BE FILED WITH CARRIER AT TIME OF DELIVERY. DAMAGED MERCHANDISE AND SHORTAGES MUST BE REPORTED TO SOLUTIONS 2 GO, LLC. USA WITHIN TWO (2) DAYS OF RECEIPT OF SHIPMENT.

DEFECTIVE MERCHANDISE RETURNS WILL ONLY BE ACCEPTED WITHIN 90 DAYS FROM ABOVE "INVOICE DATE". ONLY RETURNS WITH A VALID RETURN AUTHORIZATION NUMBER WILL BE ACCEPTED.  MERCHANDISE PURCHASED AS "CLOSE OUT" WILL NOT BE ELIGIBLE FOR RETURN.

| | |
|---|---|
| Sales Amount | $403,200.00 |
| Discount | $0.00 |
| Freight | $0.00 |
| Sales Tax | $0.00 |
| Total | $403,200.00 |

TRACKING: No tracking data found

Exhibit A, Page 9



Remit Payments To:
Solutions 2 GO, LLC. USA
PO Box 840389
Los Angeles, CA 90084-0389

Tel (949) 825-7700 || Fax (949) 825-7701

## INVOICE

| Invoice Date | Invoice No. | Page |
|---|---|---|
| 9/23/2015 | D0005347 | 1 of 1 |

**Sold To:**

World Magic Games, LLC        WO02
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

**Ship To:**

World Magic Games, LLC  PRIMARY
2201 NW 102nd Pl Ste 5

Miami, FL  33172-2521

| Order No. | Order Date | Customer No. | Sales Rep | Purchase Order No. | Ship Date | Ship Via | Terms |
|---|---|---|---|---|---|---|---|
| D0008640 | 9/23/2015 | WO02 | MOETA | BLUE PS4 DS | 9/23/2015 | PREPAID | Net 30 |

| Quantity Ordered | Quantity Shipped | Item No. | Item Description | Unit Price | Extended Price |
|---|---|---|---|---|---|
| 1000 | 1000 | 711719039624 | SONY DUALSHOCK 4 CONTROLLER [BLUE] - | $42.00 | $42,000.00 |
| Total Units Shipped | 1000 | | | | |

ANY CLAIM FOR DAMAGED MERCHANDISE SHOULD BE FILED WITH CARRIER AT TIME OF DELIVERY.
DAMAGED MERCHANDISE AND SHORTAGES MUST BE REPORTED TO SOLUTIONS 2 GO, LLC. USA
WITHIN TWO (2) DAYS OF RECEIPT OF SHIPMENT.

DEFECTIVE MERCHANDISE RETURNS WILL ONLY BE ACCEPTED WITHIN 90 DAYS FROM ABOVE
"INVOICE DATE". ONLY RETURNS WITH A VALID RETURN AUTHORIZATION NUMBER WILL BE
ACCEPTED. MERCHANDISE PURCHASED AS "CLOSE OUT" WILL NOT BE ELIGIBLE FOR RETURN.

| | |
|---|---|
| Sales Amount | $42,000.00 |
| Discount | $0.00 |
| Freight | $0.00 |
| Sales Tax | $0.00 |
| Total | $42,000.00 |

TRACKING: No tracking data found

Exhibit A, Page 10

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

SOLUTIONS 2 GO, LLC,                    )
                                        )
      Plaintiff,                     )          CIVIL DIVISION
v.                                      )
                                        )          Case No. 2016-cv-22967-UU
WORLD MAGIC GAMES, LLC,                 )
HASSAN ALAWIE,                          )
                                        )
      Defendants.                    )
                                        )
_____)

### AFFIDAVIT OF KEVIN D. DENNIS, ESQUIRE

**STATE OF FLORIDA**          )
                              ) **ss**
**COUNTY OF MIAMI-DADE**      )

     **BEFORE ME**, the undersigned authority, did personally appear Kevin D. Dennis, who, first being duly sworn, deposes and states:

    1.    My name is Kevin D. Dennis, and I am over the age of 18 and have personal knowledge of all of the matters contained herein.

    2.    In May 2016, the Plaintiff herein filed a separate Civil Complaint in the Superior Court of Orange County, California, against the Defendants herein (the "California Complaint," which initiated the "California Lawsuit").

    3.    Plaintiff alleged that Defendant, WORLD MAGIC GAMES, LLC (hereinafter "WORLD MAGIC GAMES") breached a contract, and that HASSAN ALAWIE then breached a guaranty securing payment of WORLD MAGIC GAMES' debt.

    4.    I am not a member of the California bar, and accordingly was not the counsel of record for Defendants in the California Lawsuit. My office was not responsible for any filings in the California Lawsuit.

1

EXHIBIT "B"

5.      However, I was instrumental in retaining California counsel for the Defendants and was heavily involved in the legal and factual discussions (of improper venue and personal jurisdiction as to WORLD MAGIC GAMES, and improper venue, personal jurisdiction, and failure of guaranty as to HASSAN ALAWIE) with California counsel.

6.      In fact, many of the legal arguments raised in the California Lawsuit were based upon the legal research and factual defenses prepared by me, which were then communicated to the California counsel of record for Defendants.

7.      During the pendency of the California Lawsuit, my secretary, Ms. Tigges was instructed that the undersigned's office was not the primary firm handling the out-of-state litigation. Ms. Tigges was instructed that I was merely monitoring the California Lawsuit and providing advice to local counsel for the Defendants in California.

8.      Ms. Tigges was instructed that her only responsibilities with respect to the California Lawsuit were to file my emails, filings, and papers related to the case. Because the matter was being handled by California counsel, Ms. Tigges was not obligated to monitor deadlines related to the case or place them on my calendar, because this was being handled by Defendants' attorneys in California.

9.      The California Lawsuit ultimately resulted in the dismissal and the filing of the instant action in Florida.

10.     This instant action is nearly identical to the California Lawsuit and is against the same Defendants.

2

11.     As part of her job responsibilities, Ms. Tigges is responsible for (a) organizing my email communications (filing emails and bringing significant communications to my direct attention); and (b) maintaining my calendar.

12.     I reasonably relied upon Ms. Tigges in this manner to ensure that all important matters and communications are brought to my attention and are reflected on my calendar.

13.     All of the ECF notices that have been served upon me by this Court in this case were reviewed, sorted, and filed by Ms. Tigges.

14.     After appearing in this action, I did not see any ECF notices or the filings because my secretary filed them.

15.     Ms. Tigges maintains my calendar and places deadlines on it when I am counsel of record or the primary attorney responsible for handling a case.

16.     Ms. Tigges did not understand that the California Lawsuit was eventually dismissed and a new action was filed in Florida.

17.     I was retained by Defendants to represent them in this Florida lawsuit. On August 8, 2016 undersigned counsel filed a Notice of Appearance and a Motion for Enlargement of Time to respond to Plaintiff's Complaint in this case.

18.     I sought a twenty (20) day enlargement of time to respond to Plaintiff's Complaint in the Florida case.

19.     The following day, the Court granted Defendants a brief enlargement of time—through August 12, 2016—to plead in response to the Florida Complaint. The Court granted Defendants four (4) of the twenty (20) days that were requested.

pending in Florida, and that accordingly she would need to e-file documents in the case. Ms. Tigges did not understand the significance of the ECF notices and filings that undersigned counsel received after appearing in this action.   My secretary did not understand that it was her responsibility to ensure that all deadlines in this case were properly placed on my calendar.

28.     On August 17, 2016, the Court entered an Order to Show Cause requiring that Defendants show cause why they should not be held in default for failing to plead in response to Plaintiff's Complaint by the deadline established in the Order Granting Enlargement.

29.     Neither HASSAN ALAWIE nor I was aware that the Order to Show Cause had been entered at that time, and only discovered and reviewed the foregoing after learning of the existence of the Default Final Judgment.

30.     Ms. Tigges filed the ECF notice and the Order to Show Cause in the internal office filing system, and I never saw them.

31.     On August 22, 2016, the Plaintiff filed its Motion for Default Final Judgment.

32.     Neither HASSAN ALAWIE nor I was aware that Plaintiff had filed its Motion for Default Final Judgment at that time, and only discovered and reviewed the foregoing after learning of the existence of the Default Final Judgment.

33.     Ms. Tigges filed the ECF notice and the Motion for Default Final Judgment in the internal office filing system, and undersigned counsel never saw them.

34.     The next day, on August 23, 2016, the Clerk entered a Default against Defendants.

5

35.     Neither HASSAN ALAWIE nor I was aware that the Default had been entered at that time, and only discovered and reviewed the foregoing after learning of the existence of the Default Final Judgment.

36.     On August 25, 2016, the Court entered an Order on Motion for Final Default Judgment and a Default Final Judgment against Defendants.

37.     Neither Defendant HASSAN ALAWIE nor I were aware that the Default Final Judgment had been entered at that time, and only discovered and reviewed the foregoing after receiving a UPS package with a hard copy of the discovery in aid of execution (on or about October 8, 2016), learning of its existence.

38.     Ms. Tigges filed the ECF notices, the Order on Motion for Final Default Judgment, and the Default Final Judgment in the internal office filing system, and I never saw them.

39.     The Default Final Judgment provides that Defendant WORLD MAGIC GAMES, LLC and its purported "guarantor" Defendant HASSAN ALAWIE are jointly and severally liable to Plaintiff for the significant sum of $911,000.00.

40.     Neither Defendants nor I exhibited any bad faith in their failure to plead in response to Plaintiff's Complaint.  Unfortunately, due to communication problems and simple misunderstandings, Defendants missed the pleading deadline.

41.     My secretary—not fully understanding that a new Florida action involving the same parties had commenced—believed the same course of conduct applied to papers related to the Florida case as to those related the previous California Lawsuit, i.e., that my office would be assisting a *different* counsel of record but not filing actual pleadings.  Ms. Tigges believed that her only duties in the case were administrative—to collect and file

6

email correspondence.  She did not know that she also needed to monitor deadlines and ensure that the responsive pleadings were e-filed.

42.     My secretary's misunderstanding and the Defendants' failures to plead in response to the Complaint was due to mistake, inadvertence, and excusable neglect, in light of the California action involving the same claims and the same parties.

## VERIFICATION

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

I, the undersigned, do hereby swear that I am KEVIN D. DENNIS, and that each and every fact contained in the preceding motion is true and correct to the best of my direct knowledge and belief, and that I am a competent adult.

_____
KEVIN D. DENNIS

## NOTARIZATION

The foregoing instrument was sworn to and acknowledged before me this 20 day of October , 2016 by KEVIN D. DENNIS, who is personally known to me or who produced _____ as identification, and who did ___ or did not ___ take an oath, and who executed the foregoing, and who acknowledged the foregoing to be freely and voluntarily made.

_____
[SEAL OR STAMP]

NOTARY PUBLIC
MARIA DELGADILLO
MY COMMISSION # FF 992925
EXPIRES: May 16, 2020
Bonded Thru Budget Notary Services
STATE OF FLORIDA

7

# UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

SOLUTIONS 2 GO, LLC,      )
                                   )
      Plaintiff,          )      CIVIL DIVISION
v.                            )
                                   )      Case No. 2016-cv-22967-UU
WORLD MAGIC GAMES, LLC,   )
HASSAN ALAWIE,          )
                                   )
      Defendants.       )
                                   )
_____)

## AFFIDAVIT OF CHRISTINA TIGGES

**STATE OF FLORIDA**     )
                           ) ss
**COUNTY OF MIAMI-DADE**  )

**BEFORE ME**, the undersigned authority, did personally appear Christina Tigges, who, first being duly sworn, deposes and states:

1.      My name is Christina Tigges, and I am over the age of 18 and have personal knowledge of all of the matters contained herein.

2.      In May 2016, the Plaintiff herein filed a Civil Complaint in the Superior Court of Orange County, California, against the Defendants herein (the "California Complaint," which initiated the "California Lawsuit").

3.      During the pendency of the California Lawsuit, as legal secretary, I was instructed that our office was not the primary firm handling the out-of-state litigation. I was instructed that I was merely monitoring the California Lawsuit.

4.      I was instructed that my responsibilities with respect to the California Lawsuit were to internally file my emails, filings, and papers related to the case. Because the matter was being handled by California counsel, I was not obligated to monitor

1

## EXHIBIT "C"

deadlines related to the case or place them on my calendar, because this was being handled by Defendants' attorneys in California.

5.     I did not realize that the California Lawsuit ultimately resulted in the dismissal and the filing of the instant action in Florida.

6.     To me, the case in Florida action was the same case as the California Lawsuit as it involved the same parties and facts.

7.     As part of my job responsibilities, I am responsible for (a) organizing the office email communications (filing emails and bringing significant communications to my direct attention); and (b) maintaining the office calendar.

8.     All of the ECF notices that have been served upon the office by this Court in this case were reviewed, sorted, and internally filed by me.

9.     I did not understand that the California Lawsuit was eventually dismissed and a new action was filed in Florida.

10.    I know Mr. Dennis prepared a draft Motion to Dismiss based upon 1) improper venue and jurisdiction of both Defendants and 2) the failure of Plaintiff to state a claim against HASSAN ALAWIE due to the Guaranty—which guaranties the debts of non-party World Magic Entertainment rather than the debts of WORLD MAGIC GAMES.

11.    Additionally, he prepared an Answer for WORLD MAGIC GAMES.

12.    The pleadings were placed on my desk by Mr. Dennis to be e-filed with the court, however, I was under the mistaken belief that I was to continue to monitor ECF notices and deadlines but not file any papers.

2

13.     I filed the draft Motion to Dismiss and Answer in the internal file maintained for the Defendants' dispute, rather than e-filing them in this action.   The documents were never e-filed.

14.     This unfortunate situation was the result of a misunderstanding between me and Mr. Dennis; I did not recognize that our office was the primary attorney in charge of this case pending in Florida, and that accordingly I would need to e-file documents in the case.

15.     It appears that, on August 17, 2016, the Court entered an Order to Show Cause requiring that Defendants show cause why they should not be held in default for failing to plead in response to Plaintiff's Complaint by the deadline established in the Order Granting Enlargement.

16.     I filed the ECF notice and the Order to Show Cause in the internal office filing system and Mr. Dennis never saw them.

17.     It appears, on August 22, 2016, the Plaintiff filed its Motion for Default Final Judgment.

18.     I filed the ECF notice and the Motion for Default Final Judgment in the internal office filing system, and Mr. Dennis never saw them.

19.     The next day, on August 23, 2016, the Clerk entered a Default against Defendants.

20.     Neither HASSAN ALAWIE nor Mr. Dennis was aware that the Default had been entered at that time.

21.     On August 25, 2016, the Court entered an Order on Motion for Final Default Judgment and a Default Final Judgment against Defendants.

22.     Neither Defendant HASSAN ALAWIE nor Mr. Dennis were aware that the Default Final Judgment had been entered at that time, and only discovered and reviewed the foregoing after receiving a certified UPS mail containing the hard copy of the Plaintiff's discovery in aid of execution which was received on or about October 8, 2016.

23.     The Default Final Judgment provides that Defendant WORLD MAGIC GAMES, LLC and its purported "guarantor" Defendant HASSAN ALAWIE are jointly and severally liable to Plaintiff for the significant sum of $911,000.00.

24.     Neither Defendant, Mr. Dennis nor I exhibited any bad faith in the failure to plead in response to Plaintiff's Complaint.   Unfortunately, due to communication problems and simple misunderstandings, Defendants missed the pleading deadline.

25.     My misunderstanding and the Defendants' failures to e-file responses to the Complaint was due to mistake, inadvertence, and excusable neglect, in light of the California action involving the same claims and the same parties.

## **VERIFICATION**

STATE OF FLORIDA
COUNTY OF MIAMI-DADE

I, the undersigned, do hereby swear that I am Christina Tigges, and that each and every fact contained in the preceding motion is true and correct to the best of my direct knowledge and belief, and that I am a competent adult.

_____
Christina Tigges

## **NOTARIZATION**

The foregoing instrument was sworn to and acknowledged before me this _2o_ day of _october_, 2016 by Christina Tigges, who is personally known to me or who produced _____ as identification, and who did ___ or did not _✓_ take an oath, and who executed the foregoing, and who acknowledged the foregoing to be freely and voluntarily made.

_Maria Delgadillo_
[SEAL OR STAMP]

MARIA DELGADILLO
MY COMMISSION # FF 992925
EXPIRES: May 16, 2020
Bonded Thru Budget Notary Services
NOTARY PUBLIC
STATE OF FLORIDA

5

CIV-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard K. Howell (SBN 144241)/Proud Usahacharoenporn (SBN 278204)<br>Rutan & Tucker, LLP<br>611 Anton Blvd., Suite 1400<br>Costa Mesa, CA 92626 | |

TELEPHONE NO.: (714) 641-5100   FAX NO. *(Optional):* (714) 546-9035
E-MAIL ADDRESS *(Optional):* pusaha@rutan.com
ATTORNEY FOR *(Name):* Plaintiff Solutions 2 Go, LLC

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
STREET ADDRESS: 700 Civic Center Dr. West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Solutions 2 Go, LLC

DEFENDANT/RESPONDENT: World Magic Games, LLC et al.

| **REQUEST FOR DISMISSAL** | CASE NUMBER: 30-2016-00850285-CU-BC-<br>CJC |
|---|---|

A conformed copy will not be returned by the clerk unless a method of return is provided with the document.

This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice
   b. (1) ☒ Complaint   (2) ☐ Petition
      (3) ☐ Cross-complaint filed by *(name):*                on *(date):*
      (4) ☐ Cross-complaint filed by *(name):*                on *(date):*
      (5) ☐ Entire action of all parties and all causes of action
      (6) ☐ Other *(specify):**

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed).*

Date: June 24, 2016

Proud Usahacharoenporn                                              ►

(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                (SIGNATURE)

*If dismissal requested is of specified parties only of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed.

Attorney or party without attorney for:
☒ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross–Complainant

TO THE CLERK: Consent to the above dismissal is hereby given.**
Date:

                                                                        ►

(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)                (SIGNATURE)

** If a cross-complaint – or Response (Family Law) seeking affirmative relief - is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581 (i) or (j).

Attorney or party without attorney for:
☐ Plaintiff/Petitioner   ☐ Defendant/Respondent
☐ Cross–Complainant

*(To be completed by clerk)*
4. ☐ Dismissal entered as requested on *(date):*
5. ☐ Dismissal entered on *(date):*                     as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
      ☐ a copy to be conformed   ☐ means to return conformed copy
   Date:                          Clerk, by                                            , Deputy

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. Jan. 1 2013] | **REQUEST FOR DISMISSAL** | Code of Civil Procedure, § 581 et seq.;<br>Gov. Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov |
|---|---|---|

EXHIBIT "D"

CIV-110

| | |
|---|---|
| PLAINTIFF/PETITIONER: Solutions 2 Go, LLC<br>DEFENDANT/RESPONDENT: World Magic Games, LLC et al. | CASE NUMBER:<br>30-2016-00850285-CU-BC-CJC |

---

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

---

### Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below):*
   a. ☐ not recovering anything of value by this action.
   b. ☐ recovering less than $10,000 in value by this action.
   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. ☐ All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes  ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date: _____

_____     ▶     _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)                    (SIGNATURE)

American LegalNet, Inc.
www.FormsWorkFlow.com

1

## PROOF OF SERVICE

2

*(Solutions 2 Go, LLC v. World Magic Games, LLC*
*Case No. 30-2016-00850285-CU-BC-CJC )*

3

STATE OF CALIFORNIA, COUNTY OF ORANGE

4

5       I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State
of California. I am over the age of 18 and not a party to the within action. My business address is
6   611 Anton Boulevard, Suite 1400, Costa Mesa, California 92626-1931. My electronic notification
address is lfenwick@rutan.com.

7

        On June 27, 2016, I served on the interested parties in said action the within: **REQUEST**
8   **FOR DISMISSAL** as stated below:

9   Alex Conti                                    Attorneys for Defendants
    Conti Law                                     WORLD MAGIC GAMES, LLC and
10  23 Corporate Plaza, Suite 150                 HASSAN ALAWIE
    Newport Beach, CA 92660

11

    Tel:  949.791.8555
12  Fax:  949.791.8556
    Email:  aconti@conti-law.com
13           bmancillas@conti-law.com

14  ☒   (BY MAIL) by placing a true copy thereof in sealed envelope(s) addressed as shown on
         the attached mailing list.

15

        In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand
16  personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection
    and processing correspondence for mailing with the United States Postal Service. Under that
17  practice, I deposited such envelope(s) in an out-box for collection by other personnel of Rutan &
    Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same
18  day in the ordinary course of business. If the customary business practices of Rutan & Tucker,
    LLP with regard to collection and processing of correspondence and mailing were followed, and I
19  am confident that they were, such envelope(s) were posted and placed in the United States mail at
    Costa Mesa, California, that same date. I am aware that on motion of party served, service is
20  presumed invalid if postal cancellation date or postage meter date is more than one day after date
    of deposit for mailing in affidavit.

21

    ☒   (BY E-MAIL) by transmitting a true copy of the foregoing document(s) to the e-mail
22       addresses set forth on the attached mailing list.

23      Executed on June 27, 2016, at Costa Mesa, California.

24      I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.

25

26  _____              _____
        Laura Fenwick                                (Signature)
27      (Type or print name)

28

# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF FLORIDA

SOLUTIONS 2 GO, LLC,      )
                )
     Plaintiff,      )      CIVIL DIVISION
                )
v.                 )
                )      Case No. 2016-cv-22967-UU
WORLD MAGIC GAMES, LLC,    )
HASSAN ALAWIE,       )
                )
     Defendants.    )
                )
                )

## DEFENDANT'S, HASSAN ALAWIE  MOTION TO DISMISS

COMES NOW, the Defendant, HASSAN ALAWIE (hereinafter "Defendant") by and through undersigned counsel, and files this Motion Dismiss Plaintiff's Complaint ("Complaint") with prejudice and for the imposition of fees and costs, and in support thereof states as follows:

## FACTUAL ALLEGATIONS OF THE COMPLAINT

1.     Plaintiff's Complaint claims damages against the Defendant, Hassan Alawie, for an alleged Breach of Guaranty, for debts due and owing by Defendant, WORLD MAGIC GAMES, LLC.

2.     More specifically the Complaint states:

As an inducement for Solutions to Sell these video games Consoles and accessories to World Magic on Credit, Alawie, a principle of World Magic, signed a "Personal Guaranty," in which he agreed to "unconditionally guarantee" the payment of any and all debts owed from World Magic to Solutions.

LEGAL ARGUEMENT

3.     The courts "are bound for the purposes of this review to take the well-pleaded factual allegations in the complaint as true. *Miree v. DeKalb County*, 433 U.S.

1

# EXHIBIT "E"

25, 97 S.Ct. 2490, 53 L.Ed.2d 557 (1977); *Kugler v. Helfant*, 421 U.S. 117, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Cruz v. Beto*, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Gardner v. Toilet Goods Assn.*, 387 U.S. 167, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1957). Construing these facts and relevant facts obtained from the public record in the light most favorable to the petitioners, we must ascertain whether they state a claim on which relief could be granted. *B.H. Papasan, v. Allain*, 478 U.S. 265, 283, 106 S.Ct. 2932, 2942, 92 L.Ed.2d 209 (1986).

4.      "Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Furthermore, they must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S. Ct. 2197, 167 L.Ed. 2d 1081 (2007)." *David Cunningham, v. School Board of Lake County, Florida*, 2016 WL 1755612 (M.D. Fla. 2016.

5.      "A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls. *See, e.g., Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir.2009) (citing cases). The classic example is when a plaintiff attaches a document to his complaint but his allegations about

what the document is or says contradict the document itself. *See, e.g., Simmons v. Peavy–Welsh Lumber Co., 113 F.2d 812, 813 (5th Cir.1940)* (letter in breach of contract action)." *Hoefling, v. City of Miami*, 811 F.3d 1271, 1275 (11th Cir. 2016).

6.      A review of the Personal Guaranty dated January 4, 2010, clearly indicates that it pertains to Defendant. Hassan Alawie, agreeing to Guaranty the debts of a wholly separate corporate entity known as World Magic Entertainment, Inc.

7.      The Plaintiff is attempting to utilize the Guaranty for World Magic Entertainment, Inc. for a separate Florida entity, World Magic Games, LLC which was not even in existence until February 2011.

## CONCLUSION

8.      Based upon the clear and unambiguous facts that 1) Plaintiff is suing Defendant, World Magic Games, LLC and not World Magic Entertainment, Inc.; and 2) the attached Personal Guaranty was executed on January 4, 2011 by Hassan Alawie, for non-party, World Magic Entertainment, Inc. and Not Defendant, World Magic Games, LLC, this Complaint must be dismissed as to Hassan Alawie.

**WHEREFORE**, the Defendants, HASSAN ALAWIE, respectfully request this Court enter an Order to dismiss this action with prejudice and impose attorney fees and costs against Plaintiff pursuant to Florida law and contract and any further relief this Court deems just and proper.

3

## **CERTIFICATION**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to

Etan Mark, Esquire, emark@bergersingerman.com
Colleen Maranges, Esquire, cmaranges@bergersingerman.com

this 24th day of August, 2016.

/s/ Kevin Dennis
Kevin D. Dennis, Esquire

4

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

SOLUTIONS 2 GO, LLC,              )
                                 )
        Plaintiff,               )          CIVIL DIVISION
v.                               )
                                 )          Case No. 2016-cv-22967-UU
WORLD MAGIC GAMES, LLC,          )
HASSAN ALAWIE,                   )
                                 )
        Defendants.              )
                                 )
_____  )

### DEFENDANTS, WORLD MAGIC GAMES, LLC ANSWER

**COMES NOW**, the Defendant, WORLD MAGIC GAMES, LLC and files this

Answer and Affirmative Defenses, and states:

1.      Admit.

2.      Admit.

3.      Admit.

4.      Admit.

5.      Admit.

6.      Without knowledge.

7.      Admit.

8.      Admit.

9.      Admit.

10.     Admit.

11.     Admit.

12.     Admit.

1

# EXHIBIT "F"

13. Denied.

14. Denied.

15. Defendant restates its previous responses.

16. Admit.

17. Without knowledge.

18. Admit Defendant, World Magic did not pay $911.740.00.

19. Without knowledge.

20. As paragraphs 19 through 23 are not directed to this Defendant, no response it required.  In the abundance of caution same is denied.

24. Defendant restates its previous responses.

25. Without knowledge.

26. Denied as stated.

27. Denied.

28. Denied as stated.

29. Denied as stated.

30. Defendant restates its previous responses.

31. Admit.

32. Without knowledge.

33. Admit.

34. Denied as stated.

35. Admit World Magic has not paid to Plaintiff $911,740.00.

36. Defendant restates its previous responses.

37. Admit.

38.     Without knowledge.

39.     Admit.

40.     Without knowledge.

41.     Defendant restates its previous responses.

42.     Admit Solutions delivered goods.  Denied remaining allegations.

43.     Denied as stated.

                              Respectfully submitted,

                              The Law Offices of Kevin D. Dennis, LLC
                              45 Almeria Avenue
                              Coral Gables, Florida 33134
                              (305) 577-0311
                              (305) 577-0321
                              Address for Electronic Service:
                              kevin@dennislegal.com


                              /s/ Kevin Dennis
                              Kevin D. Dennis, Esquire
                              Florida Bar #0756431



                        **CERTIFICATION**

        I HEREBY CERTIFY that a true and correct copy of the foregoing was sent to

Etan Mark, Esquire, emark@bergersingerman.com
Colleen Maranges, Esquire, cmaranges@bergersingerman.com



        this 24th day of August, 2016.



                              /s/ Kevin Dennis
                              Kevin D. Dennis, Esquire

**FLORIDA DEPARTMENT OF STATE**
**DIVISION OF CORPORATIONS**

## Detail by Entity Name

**Florida Limited Liability Company**

WORLD MAGIC GAMES, LLC

**Filing Information**

| | |
|---|---|
| Document Number | L11000013528 |
| FEI/EIN Number | 27-4733793 |
| Date Filed | 02/01/2011 |
| State | FL |
| Status | ACTIVE |

**Principal Address**

2201 NW 102ND PLACE SUITE 2
MIAMI, FL 33172

Changed: 09/25/2012

**Mailing Address**

2201 NW 102ND PLACE SUITE 2
MIAMI, FL 33172

Changed: 09/25/2012

**Registered Agent Name & Address**

ATWI, HALA
4796 NW 111 COURT
MIAMI, FL 33122

**Authorized Person(s) Detail**

**Name & Address**

Title MGR

ATWI, HALA
4796 NW 111 COURT
MIAMI, FL 33122

**Annual Reports**

| Report Year | Filed Date |
|---|---|
| 2014 | 04/15/2014 |
| 2015 | 04/22/2015 |
| 2016 | 03/17/2016 |

**Document Images**

| | |
|---|---|
| 03/17/2016 -- ANNUAL REPORT | View image in PDF format |
| 04/22/2015 -- ANNUAL REPORT | View image in PDF format |
| 04/15/2014 -- ANNUAL REPORT | View image in PDF format |
| 04/26/2013 -- ANNUAL REPORT | View image in PDF format |
| 01/04/2012 -- ANNUAL REPORT | View image in PDF format |
| 02/01/2011 -- Florida Limited Liability | View image in PDF format |

Copyright © and Privacy Policies
State of Florida, Department of State

## EXHIBIT "G"