UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 16-22967-CIV-UNGARO/OTAZO-REYES

SOLUTIONS 2 GO, LLC, a
California limited liability company,

    Plaintiff,

v.

WORLD MAGIC GAMES, LLC, a Florida
limited liability company, and HASSAN
ALAWIE, individually,

    Defendants.
_____/

### PLAINTIFF'S RESPONSE TO DEFENDANTS' EMERGENCY MOTION TO VACATE DEFAULT FINAL JUDGMENT

Pursuant to the applicable rules of this Court, Plaintiff, Solutions 2 Go, LLC, ("Solutions"), responds to Defendant, Hassan Alawie's ("Alawie"), Emergency Motion to Vacate Default Final Judgment ("Motion to Vacate") [D.E. 20] and Defendant, World Magic Games, LLC's ("World Magic") Notice of Joinder in the Motion to Vacate [D.E. 22], and states:

#### Introduction

More than two months after Defendants were ordered by this Court to respond to the Complaint, more than one and a half months after this Court entered the Default Final Judgment, and nearly two weeks after Defendants claim to have first learned of it, Defendants ask this Court to vacate the Default Final Judgment. In support of this belated request, Defendant, Alawie, asserts three arguments: 1) the Complaint fails to state a cause of action against him individually for breach of guaranty; 2) the Default Final Judgment is a product of excusable neglect; and (3) the Default Final Judgment should be set aside in the interests of justice pursuant

to Rule 60(b)(6).  Defendant, World Magic, joins Alawie's second and third arguments.  Because the Complaint plainly states a valid causes of action against Alawie and because Defendants have failed to establish excusable neglect or any other extraordinary circumstances justifying relief under Rule 60(b)(6), this Court should deny Defendants' belated Motion to Vacate.

**Background**

On July 8, 2016, Solutions filed this action seeking to recover nearly $1 million in outstanding payments owed by Defendants for goods indisputably sold and delivered to World Magic. [D.E. 1]. Defendants were served on July 16, 2016. [D.E. 8].  Defendants were aware of the pendency of the action because they appeared and filed a Motion for Enlargement of Time [D.E. 10], which this Court granted, in part.  Their responses to it were due on August 12, 2016. [D.E. 13].  No response was filed.

On August 17, 2016, after Defendants failed to timely respond to Solutions' Complaint, the Court issued an Order to Show Cause, directing the Clerk of Court to enter default against Defendants and asking Solutions to file a Motion for Final Default Judgment against Defendants, supported by affidavits and other documentation, by no later than August 24, 2016. [D.E. 14]. On August 22, 2016, Plaintiff moved for Final Default Judgment and submitted the supporting affidavits of Steve Chon, Plaintiff's Director of Credit and Compliance, and Etan Mark, Esq., Plaintiff's attorney. [D.E. 15]. On August 23, 2016, the Clerk of Court entered a Clerk's default against Defendants. [D.E. 16]. On August 26, 2016, this Court granted Solutions' Motion for Default Final Judgment and entered a Default Final Judgment. [D.E. 18; D.E. 19].

On October 4, 2016, Solutions prepared and served Defendants (via U.S. Mail and Fed Ex) and their counsel (via electronic mail and U.S. mail), with Notices of Taking Defendants' Depositions in Aid of Execution.  Despite Defendants' admission that they received these notices

on October 8, 2016, Solutions did not receive any communications from Defendants or their counsel objecting to the depositions or otherwise advising that they would be moving to vacate the Default Final Judgment. Accordingly, on October 17, 2016, Solutions prepared and served Defendants and their counsel with interrogatories and requests for production in aid of execution.

Finally, on October 21, 2016, nearly two weeks after Defendants concede they became aware of the Default Final Judgment, and more than two months after their responses to the Complaint were due, Defendants filed their Motion to Vacate.

## Memorandum of Law

### I. The Complaint States Causes of Action Against Alawie Sufficient To Support The Default Final Judgment

As Alawie correctly acknowledges, the standard for vacating a default final judgment on grounds that there is an insufficient basis in the pleadings to support it is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). In ruling on a motion to dismiss, a complaint should not be dismissed if it is "supported by [a] showing [of] any set of facts consistent with the allegations in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Thus, the issue for consideration is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami*, 805 F.2d 962, 965 (11th Cir. 1986).

Alawie argues that this Court must vacate the Default Final Judgment because the Complaint fails to state a claim against him, individually, for breach of guaranty. *See* [D.E. 20 at ¶ 65-66]. This argument is flawed not only because the Complaint adequately states a claim for breach of guaranty, but also because Alawie has completely failed to address Solutions'

alternative court for unjust enrichment which, standing alone, is sufficient to support to Default Final Judgment.

### a. Solutions States a Cause of Action for Breach of Guaranty

With respect to the breach of guaranty count, Solutions alleges that, "[a]s an inducement for Solutions to sell these video game consoles and accessories to World Magic on credit, Alawie, a principal of World Magic, signed a 'Personal Guaranty,' in which he agreed to 'unconditionally guarantee[] the payment of any and all' debts owed from World Magic to Solutions." [D.E. 1 at ¶ 13]. Alawie contends that the Personal Guaranty attached as Exhibit B to the Complaint contradicts these well-pled allegations because, on its face, the Personal Guaranty applies only to the debts of World Magic *Entertainment*, LLC, and not the corporate defendant, World Magic *Games*, LLC. [D.E. 20 at ¶ 67; 69].

The Personal Guaranty attached to the Complaint, however, makes no such distinction on its face. To the contrary, consistent with the allegations in the Complaint, the Personal Guaranty defines the "Borrower" only as "World Magic." [D.E. 1-5]. In fact, the only place the name "World Magic *Entertainment*" appears on the Personal Guaranty is under Alawie's signature, in a handwritten signature block. *Id*. Alawie cites no case law (and Solutions has not been able to find any) to support his position that a handwritten corporate title in the signature block of the **guarantor** is dispositive of the identity of the **borrower**, which is not a signatory to the agreement.

Moreover, the only analogous case law Solutions has been able to identify holds the opposite: a corporate title in a guarantor's signature block is not even dispositive of the capacity in which the **guarantor** has signed. *See Nelson v. Ameriquest Techs., Inc.,* 739 So. 2d 161, 164 (Fla. 3d DCA 1999) (holding that vice president's affixation of the letters "V.P." to his signature

4

on a Guaranty did not defeat the language of the Guaranty, which imposed individual liability); *Great Lakes Products, Inc. v. Wojciechowski*, 878 So. 2d 418, 419 (Fla. 3d DCA 2004) ("Florida law is clear that an individual who executes a guarantee as an officer of a corporation by inserting his corporate title after his name on a document cannot defeat the purpose of the guarantee when, by its terms, the document contains provisions for individual liability."). California law, which arguably governs the Personal Guaranty at issue, is consistent with Florida law on this point. *Sebastian Int'l, Inc. v. Peck,* 240 Cal. Rptr. 911, 913 (Ct. App. 1987) ("A director, officer, or other agent, signing a corporate contract containing a promise in the proper form for an individual, is not relieved from personal liability by the addition to his name of terms such as 'director,' 'president' or the like. These terms are regarded merely as *descriptio personae*, that is, a term descriptive of the person rather than the relationship in which he signs the agreement.") (citations omitted).

Similarly, Alawie's contention that World Magic did not exist at the time the Personal Guaranty was executed and therefore could not have been the intended "Borrower," goes well beyond the four-corners of the Complaint. [D.E. 20 at ¶ 52].  Alawie's attached proposed Motion to Dismiss suggests that the Court could take judicial notice of World Magic's date of formation. *Id*. at Ex. E ¶3.  While it is true that the Court may judicially notice matters of public record, the Court may not draw inferences from those records at the motion to dismiss stage.  *Stratford Holding, LLC v. Fog Cap Retail Inv'rs LLC,* 516 Fed. Appx. 874, 875 (11th Cir. 2013). Accordingly, it is improper for the Court to determine, from a single piece of "evidence" at the motion to dismiss stage that the parties did not intend for the Personal Guaranty to apply to the debts of World Magic (the entity to which Solutions sold millions of dollars' worth of goods on credit), but instead was intended it to apply to the debts of World Magic Entertainment, LLC.

At worst, the Personal Guaranty is ambiguous as to the identity of the intended "Borrower" and, if this case had proceeded on the merits, Solutions would have been entitled to maintain its claim for breach of guaranty and present evidence as to the parties' intent. *MDS (Canada), Inc. v. Rad Source Techs., Inc.*, 822 F. Supp. 2d 1263, 1296 (S.D. Fla. 2011) ("where provisions of a contract are ambiguous and unclear on the face of the agreement, courts may consider evidence outside of the plain language in order to determine the intent of the parties at the time of formation of the contract at issue."). As a result, the Complaint alleges a sufficient basis to support the Default Final Judgment.

### b. Solutions States a Cause of Action for Unjust Enrichment

Alawie dedicates much of his Motion to Vacate to arguing that Solutions failed to state a claim for breach of guaranty. Even assuming he is correct, however, there is nevertheless a sufficient basis in the Complaint for the Default Final Judgment because Solutions alternatively alleges a claim for unjust enrichment against Alawie, individually.

Unjust enrichment is an equitable claim, "based on a legal fiction created by courts to imply a contract as a matter of law." *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 805 (11th Cir.1999) "A claim for unjust enrichment has three elements: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant voluntarily accepted and retained that benefit; and (3) the circumstances are such that it would be inequitable for the defendant to retain it without paying the value thereof." *Virgilio v. Ryland Grp., Inc.,* 680 F.3d 1329, 1337 (11th Cir. 2012).

Here, Solutions alleges that it "conferred a benefit on Defendants, who had knowledge thereof, by delivering the video game consoles and accessories as requested." [D.E. 1 at ¶ 27]. Solutions further alleges that "Defendants voluntarily accepted and retained the benefit by accepting the video game consoles and accessories and refusing to pay for them," and that "the

6

circumstances are such that it would be inequitable for Defendants to retain the benefit without paying the value thereof to Solutions." [D.E. 1 at ¶¶ 28-29].

Alawie fails to address this alternative count anywhere in his Motion to Vacate, thus presumably conceding that Solutions has stated a claim against Alawie for unjust enrichment. Accordingly, even if Solutions did not successfully state a claim of breach of guaranty, Solutions has successfully stated a substantive cause of action against Alawie through its claim for unjust enrichment, which is sufficient to support to Default Final Judgment.

## II.   Defendants Have Failed to Establish Excusable Neglect

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." "The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *E.E.O.C. v. Mike Smith Pontiac GMC, Inc*., 896 F.2d 524, 528 (11th Cir. 1990) (citing *Jones v. Harrell,* 858 F.2d 667, 669 (11th Cir.1988); *United States v. One Parcel of Real Property,* 763 F.2d 181, 183 (5th Cir.1985)).  In order to establish excusable neglect sufficient to set aside a default judgment, the defaulting party must establish: 1) that it had a meritorious defense; (2) that the plaintiff would not be prejudiced if the judgment was set aside; and (3) that the defaulting party had a "good reason" for failing to respond to the complaint. *Sloss Indus. Corp. v. Eurisol,* 488 F.3d 922, 934 (11th Cir.2007).  Here, Defendants have failed to meet their burden with respect to all three factors.

### a.   Defendants Do Not Have Meritorious Defenses to All Claims.

#### i.   <u>Alawie has not established a meritorious defense to all claims against him.</u>

Alawie argues that he has a meritorious defense because the Personal Guaranty does not apply to the alleged debt of World Magic. Even assuming this is a meritorious defense to breach

7

of guaranty claim, Alawie has failed to meet his burden because, as discussed above, Alawie fails to set forth any defense (much less a meritorious defense) to Solutions' unjust enrichment claim. Having failed to establish a meritorious defense to all claims, Alawie cannot prevail on his Motion to Vacate. *See S.E.C. v. McNulty,* 137 F.3d 732, 740 (2d Cir. 1998) (defendant must present evidence of facts that, "if proven at trial, would constitute a ***complete*** defense.") (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993) (emphasis added).

<blockquote>ii. <u>World Magic has not established a meritorious defense to any of the claims against it.</u></blockquote>

In its Notice of Joinder, Defendant World Magic adopts Alawie's excusable neglect argument and points to its proposed Answer (attached as Exhibit F to the Motion to Vacate) as establishing a meritorious defense. [D.E. 22 at ¶ 3]. Specifically, World Magic contends that in its proposed Answer, it "has denied that Plaintiff is entitled to relief it seeks, and further denied that Plaintiff has satisfied all of the conditions precedent to bringing its claims, and further denied the amount of the alleged debt." *Id*.

As an initial matter, general denials are insufficient; a defendant must assert specific facts to establish a meritorious defense. *In re Worldwide Web Sys., Inc.,* 328 F.3d 1291, 1296 (11th Cir. 2003) ("in order to establish a meritorious defense, the moving party must make an affirmative showing of a defense that is likely to be successful."); *Old Republic Nat'l Title Ins. Co. v. S. Lakeland Airport*, No. 8:10–CV–2613–T–33AEP, 2011 WL 3475355, at *3 (M.D. Fla. Aug. 9, 2011) (concluding that the defendant did not establish a meritorious defense where the defendant merely presented conclusory statements unsupported by plausible allegations of fact); *Davis v. Oldham*, No. 6:07–CV–941–Orl–31DAB, 2007 WL 4115292, at *5 (M.D. Fla. Nov. 16, 2007) ("The defendant must assert specific facts supporting the existence of a prima facie meritorious defense as opposed to generally denying the allegations announced in the

8

complaint."); *see also In re Arrow Air, Inc.*, 10-28831-BKC-AJC, 2012 WL 314192, at *4 (Bankr. S.D. Fla. 2012) (finding that defendant failed to set forth a meritorious defense in part because proposed answer did not include any affirmative defenses).

Here, World Magic has not only failed to set forth a single affirmative defense, its proposed Answer ***admits*** all of the operative allegations, including: 1) "Solutions delivered the goods, and World Magic accepted the goods;" 2) "after making one payment of $20,000, World Magic thereafter failed and refused to make any further payments on these invoices, despite Solutions demands for payment;" and 3) "as such, **World Magic owes Solutions an outstanding balance of $911,740**." [D.E. 1 at ¶¶ 10-13; D.E. 20 at Ex. 7, ¶¶ 10-13] (emphasis added). In light of these critical admissions of fact and its failure to set forth any affirmative defenses, World Magic's argument that it has a "meritorious defense" is untenable.

### b. Solutions Will Be Prejudiced if the Default Final Judgment is Set Aside

Defendants contend that Solutions will not be prejudiced because deprivation of a "quick resolution to the case, 'is not [] the type of prejudice relevant to the Court's inquiry.'" [D.E. 20 at ¶¶77] (citing *Sobkowski v. Wyeth, Inc.,* 5:04 CV 96-OC-10GRJ, 2004 WL 3569703, at *2 (M.D. Fla. 2004), *report and recommendation adopted*, 5:04-CV-96-OC-10GRJ, 2004 WL 3569702 (M.D. Fla. 2004)). While this is generally true, courts have repeatedly recognized that where, as here, no factual basis for a meritorious defense is shown to exist, the delay and expense in vindicating the plaintiff's rights *does* amount to an undue prejudice. *Davis,* 2007 WL 4115292, at *6; *In re Tires and Terms of Columbus, Inc.*, 262 B.R. 885, 889 (Bkrtcy. M.D. Ga. 2000) (citing cases and holding that, where defendant had not presented a meritorious defense, plaintiff would be prejudiced by having to prosecute case).

9

Further, at least one court in this district has held that where, as here, a plaintiff has expended time and resources moving for Final Default Judgment and preparing supporting affidavits, plaintiff suffers prejudice as a result of setting aside the Default Final Judgment. *See In re Arrow,* 2012 WL 314192, at *5 ("preparation of [Motion for Default Final Judgment] required time and expense on the part of the Trustee, all of which potentially could have been avoided had FIEC moved to set aside the default sooner. . . .").

Here, Solutions not only spent time and resources responding to this Court's Order to Show Cause, it also expended time and resources preparing post-judgment discovery in aid of execution, some of which could have been avoided if Defendants simply advised Plaintiff that they intended to move to vacate the Default Final Judgment once they became aware of it. Thus, setting aside the Default Final Judgment now would undoubtedly result in prejudice to Solutions.

### c. Defendants Have Not Established Good Cause for Their Failure to Timely Answer the Complaint

With respect to the third excludable neglect factor, Defendants have not shown a valid, excusable reason why the Complaint was not answered months ago.  The crux of Defendants' argument is that their counsel failed to personally monitor this Court's deadlines and orders and that their counsel's legal assistant, upon whom counsel relied, failed to calendar the deadlines or file pleadings because she was under the mistaken impression that Defendants' California attorneys had primary responsibility for the case.  [D.E. 20 at ¶¶ 6- 13; 83 – 85].

In support of their contention that this constitutes good cause, Defendants cite a single case, *Barber v. Turberville*, 218 F.2d 34, 36 (D.C. Cir. 1954), for the proposition that "courts routinely grant motions to vacate for excusable neglect when the defendant's failure to respond to the complaint is the result of honest mistakes, and clerical and secretarial errors and omissions." [D.E. 20 at ¶ 86].  As an initial matter, it is not clear that counsel's failure to

10

personally monitor the filings in this case for more than three months, after appearing and filing a motion for enlargement of time, constitutes a "clerical or secretarial error." Even if it were, however, *Barber* turned upon the court's conclusion that the defendant was not *personally* negligent in the protection of her interests, as established by her supporting affidavit.

By contrast, other courts have routinely imputed counsel's failure to answer to the Defendants, where, as here, the defendants have failed to submit evidence to establish that they personally and diligently monitored their attorney's conduct. In fact, courts have consistently held that, "where procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint." *Sloss Industries,* 488 F.3d at 935. The Eleventh Circuit has "extended this principle to situations where a defendant, knowing that an action has been filed against him, fails to act diligently in ensuring that his attorney is adequately protecting his interests." *Id*. at 936; *Dunn v. Prudential Ins. Co. of Am.,* 2011 WL 1298156, *4 (M.D. Fla. April 4, 2011) (refusing to vacate default judgment and set aside default where defendant failed to monitor progress of case and did nothing to ensure that the complaint would be answered); *S.E.C. v. Simmons,* 241 Fed. App'x 660, 664 (11th Cir. 2007) ("a party must demonstrate his own diligence, even where the attorney commits gross misconduct"); *S.E.C. v. McNulty*, 137 F.3d 732 (2d Cir. 1998) (concluding that default was properly allowed to stand because defendant made no showing of diligence that would warrant relief, and stating that, "in the context of default judgment, we have rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney") (internal quotations omitted).

Here, there is absolutely no evidence that Defendants acted diligently to ensure that their counsel was protecting their interests. Simply put, it was Defendants' "sole responsibility to

11

ensure that a timely response to the complaint was filed." *Dunn*, 2011 WL 1298156, at *4. Importantly, the Defendants knew enough to file a motion for enlargement of time to respond to the Complaint, and then ignored every filing and Court order thereafter. This is not excusable neglect. Because Defendants utterly failed in this regard, Defendants have not shown a good reason for their failure to answer the Complaint. As a result, Defendants' Motion to Vacate must be denied.

**III.   Defendants Have Failed to Establish Exceptional Circumstances Justifying Relief Under Rule 60(b)(6)**

"Relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *S.E.C. v. Pitters*, 09-20957-CIV, 2011 WL 4527811, at *3 (S.D. Fla. 2011) (*citing Crapp v. City of Miami Beach*, 242 F.3d 1017, 1020 (11th Cir. 2001)). "These circumstances must create a substantial danger the underlying judgment was unjust, which showing must be 'substantial.'" *Id*. at n.2 (citing *Batts v. Tow–Motor Forklift Co.,* 66 F.3d 743, 748–49 (5th Cir.1995)). Indeed, as Defendants correctly note, the party seeking relief has the burden of showing that "absent such relief, an 'extreme' and 'unexpected' hardship will result. [D.E. 20 at ¶ 92] (citing *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Defendants contend that this case presents exceptional circumstances because "a judgment of nearly a million dollars is certain [sic] an 'extreme' hardship." *Id*. Defendants fail, however, to cite any case law establishing that where, as here, Defendants received nearly a million dollars' worth of goods (which they admittedly failed to pay for), a judgment reflecting the amount admittedly due and owing is "extreme."

Moreover, to the extent Alawie argues that the judgment is "unexpected" because it is "based upon a Guaranty for a completely different company," this argument is unavailing. As an initial matter, it is not clear that the Guaranty *does* apply to a different company and, even if it

12

did, Alawie has been on notice since this action was initiated that Solutions was seeking to collect against him individually based upon either the guaranty or its alternative claim for unjust enrichment. Under the circumstances, it can hardly be said that the Default Final Judgment is unexpected, unjust, or in any way exceptional.

## CONCLUSION

For all the foregoing reasons, Plaintiff, Solutions 2 Go, LLC, respectfully request the Court deny Defendants' Motion to Vacate in its entirety and enter any such further relief the Court deems just and proper, including but not limited to, awarding Solutions its attorneys fees and costs incurred in connection with preparing the motion for default final judgment, preparing post judgment discovery in aid of execution, and responding to the Motion to Vacate.

Respectfully submitted,

BERGER SINGERMAN LLP
1450 Brickell Ave., Suite 1900
Miami, FL 33130
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By: *s/ Etan Mark*
    Etan Mark, Esq.
    Fla. Bar No. 720852
    Colleen Maranges, Esq.
    Fla. Bar No. 91004
    emark@bergersingerman.com
    cmaranges@bergersingerman.com
    DRT@bergersingerman.com

*Counsel for Plaintiff, Solutions 2 Go, LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 4th 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the following Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *s/ Etan Mark*
      Etan Mark, Esq.

## SERVICE LIST

Etan Mark, Esq.
Colleen Maranges, Esq.
BERGER SINGERMAN LLP
1450 Brickell Ave., Suite 1900
Miami, FL 33130
Telephone:  (305) 755-9500
Facsimile:   (305) 714-4340
emark@bergersingerman.com
cmaranges@bergersingerman.com
DRT@bergersingerman.com

*Attorneys for Plaintiff, Solutions 2 Go, LLC*


*(via transmission of Notices of Electronic Filing generated by CM/ECF)*

John B. Rosenquest IV
Rosenquest Law Firm P.A.
3225 Franklin Avenue, Suite C-101
Coconut Grove, Florida 33133
Tel: 305-607-5115
Fax: 305-402-8183
jrosenquest@rosenquestlawfirm.com

*Counsel for Defendants, World Magic Games, LLC, and Hassan Alawie*

*(via transmission of Notices of Electronic Filing generated by CM/ECF)*

Kevin D. Dennis, Esq.
The Law Offices of Kevin D. Dennis, LLC
45 Almeria Avenue
Coral Gables, FL  33134
(305) 577-0311
(305) 577-0321
kevin@dennislegal.com

*Counsel for Defendants, World Magic Games, LLC, and Hassan Alawie*

*(via transmission of Notices of Electronic Filing generated by CM/ECF)*

7469494-2