**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.: 1:16-cv-22967-UU

SOLUTIONS 2 GO, LLC,

     Plaintiff,

v.

WORLD MAGIC GAMES, LLC,
*et al.*,

     Defendants.

_____/

**OMNIBUS ORDER ON MOTION TO VACATE**
**FINAL DEFAULT JUDGMENT AND MOTION TO DISMISS**

     THIS CAUSE is before the Court upon Defendant Hassan Alawie's Verified Emergency Motion to Vacate Default Final Judgment,[1] D.E. 20, Defendant World Magic Games, LLC's Notice of Joinder in Defendant Hassan Alawie's Emergency Motion to Vacate Final Default Judgment, D.E. 22, and Mr. Alawie's Motion to Dismiss, D.E. 20 pp. 48-50, which is attached as an exhibit to Hassan Alawie's Motion to Vacate.

     THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised of the premises.

**I.     Factual Background**

     Plaintiff filed this action on July 8, 2016, seeking to recover outstanding payments owed by Defendants for goods sold and delivered to Defendant, World Magic Games, LLC ("World Magic

---

[1] Defendants' Motion and Notice of Joinder do not constitute a true emergency, especially given that Defendants seek to vacate a final default judgment entered against them as a result of their own failure to comply with Court deadlines. Southern District of Florida Local Rule 7.1(d) ("Motions are not considered emergencies if the urgency arises due to the attorney's or party's own dilatory conduct."). Defendants also failed to comply with Local Rule 7.1(d) because they did not: (1) file a Certification of Emergency; or (2) set forth in detail the necessity for an expedited emergency procedure.

Games"). D.E. 1. Defendant World Magic Games is a Florida limited liability company and Defendant Hassan Alawie ("Mr. Alawie") is a principal of World Magic Games.

Plaintiff alleges that it sold and delivered video game consoles and accessories to World Magic Games, for a total of $911,740, and that World Magic Games failed to pay for these goods. *Id.* ¶ 9. Plaintiff attaches a copy of the relevant invoices to its Complaint. D.E. 1-1.

Plaintiff also alleges that "[a]s an inducement for [Plaintiff] to sell these video game consoles and accessories to World Magic Games on credit, Mr. Alawie, as principal of World Magic Games, signed a 'Personal Guaranty,' in which he agreed to 'unconditionally guarantee[] the payment of any and all debts' owed from World Magic Games to [Plaintiff]." D.E. 1 ¶ 13. Plaintiff attaches a copy of the Personal Guaranty to its Complaint (the "Guaranty"). D.E. 1-2.

**II.     Procedural Background**

On July 16, 2016, Defendants were served with a copy of the summons and Complaint, such that Defendants' response to Plaintiff's Complaint was due on August 8, 2016. D.E. 8. On August 8, 2016, Defendants moved for an extension of time to respond to Plaintiff's Complaint, which the Court granted in part. D.E. 10, 13. Accordingly, Defendants' response to Plaintiff's Complaint was due on August 12, 2016. D.E. 13.

Defendants' counsel represents that he prepared a Motion to Dismiss on behalf of Mr. Alawie and an Answer on behalf of World Magic Games in early August 2016 and provided it to his legal assistant, Ms. Tigges, to file. D.E. 20 p. 5, ¶ 25. However, Ms. Tigges failed to file either the Motion or Answer which, according to Defendants, was the result of miscommunication between Defendants' counsel and Ms. Tigges constituting excusable neglect under Fed. R. Civ. P. 60(b)(1). *Id.*

On August 17, 2016, after Defendants failed to respond to Plaintiff's Complaint, the Court issued an Order to Show Cause, directing the Clerk of Court to enter default against Defendants and

asking Plaintiff to file a Motion for Final Default Judgment against Defendants, duly supported by affidavits and other documentation and a proposed Final Order, no later than August 24, 2016. D.E. 14. On August 22, 2016, Plaintiff moved for Final Default Judgment. D.E. 15. On August 23, 2016, the Clerk of Court entered a Clerk's default against Defendants. D.E. 16.

On August 26, 2016, the Court granted Plaintiff's Motion for Final Default Judgment and separately entered a final default judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of **911,740** in principal, and against Mr. Alawie for **$9,285.21** in attorney's fees and costs, for a total amount of **$921,025.21**, plus interest at the legal rate (the "Final Default Judgment"). D.E. 18, 19.

On October 21, 2016, Mr. Alawie filed the instant Motion to Vacate the Final Default Judgment under Federal Rule of Civil Procedure 60(b) on grounds that: (1) Plaintiff's Complaint fails to state a cause of action against Mr. Alawie; (2) the Default Final Judgment is a product of excusable neglect; and (3) it would be a miscarriage of justice to allow the Default Final Judgment to stand. D.E. 20. Defendant Worldwide Magic Games joins Mr. Alawie's motion with respect to the second and third bases for vacating the Final Default Judgment. D.E. 22. Plaintiff opposes Defendants' Motion. D.E. 24.

III.    **Motion to Vacate Final Default Judgment**

A.    Legal Standard

Rule 60(b) sets out six grounds for relief from a final judgment, order, or proceeding:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

    (4) the judgment is void;

    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Here, Defendants seek relief based on Eleventh Circuit precedent requiring that there be a "sufficient basis in the pleadings" for the judgment entered, as well as under subsections (1) and (6) of Rule 60(b). *See, e.g.*, *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015).

Under Rule 60(b)(1), "to establish mistake, inadvertence, or excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir. 1990).

Rule 60(b)(6) sets forth a "broadly drafted umbrella provision" that gives courts "a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). "It is well established, however, that relief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Id.* Crucially, "[r]elief under Rule 60(b)(6) applies only to cases that do not fall into any of the other provisions of Rule 60(b)." *United States v. Route 1, Box 111, Firetower Rd.,* 920 F.2d 788, 791 (11th Cir. 1991); *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc.*, 803 F.2d 1130, 1133 (11th Cir. 1986) ("Although 60(b)(6) provides a residual equitable authority for vacating judgments, this Court consistently has held that 60(b)(1)

4

and (b)(6) are mutually exclusive. Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1).").

A court's denial of a motion to set aside final default judgment is reviewed for abuse of discretion, and a trial court will not be reversed unless the appellant "demonstrate[s] a justification so compelling that the [lower] court was required to vacate its order." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (internal citation and quotations omitted).

B.     Analysis

Mr. Alawie argues that the Final Default Judgment should be vacated because: (1) Plaintiff's Complaint fails to state any claim against Mr. Alawie; (2) the judgment is the result of excusable neglect under Rule 60(b)(1); and, in any event, (3) the catch-all provision of Rule 60(b)(6) applies. D.E. 20. Defendant Worldwide Magic Games also argues that the Court should vacate the Final Default Judgment under Rules 60(b)(1) and 60(b)(6) for the same reasons set forth in Mr. Alawie's motion. D.E. 22. The Court will address each of Defendants' arguments in turn.

i.     *Whether Plaintiff's Complaint states a claim against Mr. Alawie*

Mr. Alawie argues that the Final Default Judgment against him should be vacated because there is not a sufficient basis in Plaintiff's Complaint to support a claim against Mr. Alawie for: (1) breach of the Guaranty (Count II); and unjust enrichment (Count III). D.E. 20. In support thereof, Mr. Alawie attaches a proposed Motion to Dismiss. *Id.* pp. 48-51.

1.     Breach of Guaranty (Count II)

In his briefing to vacate the Final Default Judgment and proposed Motion to Dismiss, Mr. Alawie argues that Plaintiff fails to state a claim in Count II because the plain language of the Guaranty indicates that Mr. Alawie signed a personal guaranty pertaining to World Magic Entertainment, which is **not** a defendant in this action, rather than a personal guaranty pertaining to the defendant in this case, World Magic Games, LLC. D.E. 20 p. 14, ¶¶ 68-69. Mr. Alawie argues

this to be the case for three reasons. First, Mr. Alawie argues that the language of the Guaranty itself refers only to "World Magic" and not "World Magic Games, LLC." *Id.*; D.E. 20 p. 50 ¶¶ 6-8. Second, Mr. Alawie argues that his signature on the Guaranty states that it was executed on behalf of "World Magic Entertainment." D.E. 20 p. 50 ¶¶ 6-8. Lastly, Mr. Alawie argues that the Guaranty was executed on January 4, 2010, but that World Magic Games, LLC was not formed until February 1, 2011, such that he could not possibly have executed the Guaranty on behalf of World Magic Games, LLC. D.E. 20 p. 50 ¶¶ 7-8. Mr. Alawie relies on records from the Florida Department of State's Division of Corporations in support and, moreover, requests that the Court take judicial notice of these records. *See* D.E. 20 p. 55.

Plaintiff responds to Mr. Alawie's arguments in three principal ways. First, Plaintiff agrees that the Guaranty refers generally to "World Magic," but contends that this term is ambiguous enough to encompass claims against either "World Magic Entertainment" or "World Magic Games, LLC." Second, Plaintiff argues that Mr. Alawie cannot alter or clarify the ambiguous terms of the Guaranty based on his own signature, which purported to execute the Guaranty on behalf of "World Magic Entertainment." D.E. 24 pp. 4-5. Third, Plaintiff argues that while the Court may take judicial notice of records from the Florida Department of State, it cannot "draw inferences from those records at the motion to dismiss stage." *Id.* p. 5. Plaintiff, therefore, argues that it would be improper for the Court to determine that the "parties did not intend for the Personal Guaranty to apply to the debts of World Magic [Games, LLC]" based solely on the "single piece of [extrinsic] evidence" submitted by Mr. Alawie. *Id.* p. 5.

The Court agrees with Mr. Alawie. "Entry of default judgment is only warranted when there is "a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015). A sufficient basis in the pleadings exists where a complaint alleges plausible facts which would "survive a motion to dismiss for failure to state a claim." *Id.*

"Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974). "If the appended document, to be treated as part of the complaint for all purposes . . . reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." *Id.*; *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007) ("Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern.").

Here, the Guaranty attached as an exhibit to Plaintiff's Complaint refers to "World Magic" and Mr. Alawie's signature block refers to "World Magic Entertainment." D.E. 1-5. The Guaranty, therefore, directly contradicts the Complaint's conclusory allegations that Mr. Alawie executed the Guaranty on behalf of World Magic Games, LLC. *Compare* D.E. 1 ¶ 13 *with* D.E. 1-5 p. 3. Because the Guaranty appended to the Complaint reveals facts which, at this stage, directly contradict the allegations of the Complaint, there is not a "sufficient basis" in the pleadings for the Final Default Judgment with respect to Count II. *See, e.g.*, *Surtain*, 789 F.3d at 1245; *see also Associated Builders, Inc.*, 505 F.2d at 100. Accordingly, the Final Default Judgment must be vacated with respect to Plaintiff's claim brought against Mr. Alawie in Count II.

### 2.    Unjust Enrichment (Count III)

Mr. Alawie also argues that the Final Default Judgment must be vacated with respect to Plaintiff's claim brought against Mr. Alawie in Count III because Plaintiff's Complaint does not allege that there was a "direct benefit conferred upon" Mr. Alawie. D.E. 25 pp. 8-10.

Mr. Alawie is correct. To state a claim for unjust enrichment under Florida law, a plaintiff must allege that: "(1) plaintiff has conferred benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value

7

thereof to the plaintiff." *Peoples Nat. Bank of Commerce v. First Union Nat. Bank of Florida, N.A.*, 667 So. 2d 876, 879 (Fla. 3d DCA 1996). To survive a motion to dismiss, a plaintiff must typically allege that "it directly conferred a benefit on defendant; an indirect benefit is insufficient." *See, e.g., Swiss Watch Int'l, Inc. v. Movado Grp., Inc.*, No. 00-7703-CIV, 2001 WL 36270979, at *4 (S.D. Fla. Sept. 5, 2001); *Montoya v. PNC Bank, N.A.*, No. 14-20474-CIV, 2014 WL 4248208, at *13 (S.D. Fla. Aug. 27, 2014); *Hamilton v. Suntrust Mortg. Inc.*, 6 F. Supp. 3d 1312, 1317 (S.D. Fla. 2014); *but see Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC*, 650 F. Supp. 2d 1213, 1229 (S.D. Fla. 2009) ("Whether the Orlandos did or did not receive a direct benefit from Plaintiff is a question of fact that cannot be resolved at the motion to dismiss stage in this case.").

Here, Plaintiff does not allege any direct benefit conferred on Mr. Alawie. Instead, the Complaint alleges that "World Magic [Games, LLC] ordered video game consoles and accessories from [Plaintiff] for a total of $931,740,"[2] that Plaintiff "delivered the goods, and World Magic [Games, LLC] accepted the goods," and that "[a]fter making one payment of $20,000, World Magic [Games, LLC] thereafter failed and refused to make any further payments on these invoices." D.E. 1 9-11. These allegations are woefully insufficient to show that Plaintiff conferred a *direct* benefit on Mr. Alawie, as "a principal" of World Magic Games, LLC. Accordingly, there is also not a "sufficient basis" in the pleadings for the Final Default Judgment with respect to Count III **solely with respect to Mr. Alawie**, and the judgment must be vacated as to Plaintiff's claim against Mr. Alawie contained in Count III. *See, e.g.*, *Surtain*, 789 F.3d at 1245; *see also Associated Builders, Inc.*, 505 F.2d at 100.

### 3.    Dismissing Plaintiff's claims against Mr. Alawie

In the interest of judicial economy, the Court will not only vacate Final Default Judgment as to Mr. Alawie (i.e., as to Counts II and III, insofar as they pertain to Mr. Alawie), but will also rule

---

[2] This appears to be a scrivener's error, as Plaintiff's Complaint in every other instance alleges the sale of goods in the amount of $911,740. D.E. 1 ¶¶ 14, 18-19, 34-35, 43.

on Mr. Alawie's Motion to Dismiss, which is attached as an exhibit to his Motion to Vacate. D.E. 20 pp. 48-51.

Accordingly, Count II is DISMISSED WITHOUT PREJUDICE and Count III is DISMISSED WITHOUT PREJUDICE **solely as to Plaintiff's claim against Mr. Alawie contained therein.**

ii. *Excusable Neglect under Rule 60(b)(1)*

Defendants also move to vacate the Final Default Judgment under Rule 60(b)(1) based on excusable neglect. Because the Court has already determined that it will vacate Final Default Judgment as to Mr. Alawie, it will now only address World Magic Games' arguments brought under Rule 60(b)(1).

To set aside the judgment under Rule 60(b)(1), World Magic Games must show that: "(1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *E.E.O.C.*, 896 F.2d at 528 (11th Cir. 1990).

First, World Magic Games argues that it has meritorious defenses to Plaintiff's Complaint because it asserts defenses in its "draft Answer that was prepared for WORLD MAGIC GAMES in response to Plaintiff's Complaint" by denying that "Plaintiff is entitled to the relief it seeks . . . that Plaintiff has satisfied all of the conditions precedent to bringing its claims, and . . . [that Plaintiff is entitled to] the amount of the . . . debt" alleged by Plaintiff. D.E. 22 p. 2.

Second, World Magic Games argues that granting the motion will not result in prejudice to Plaintiff because vacating the default will have no effect on "Plaintiff's ability to prosecute the case on the merits," as there is no indication that "Plaintiff has changed its position in any way . . . in reliance upon the existence of the judgment." D.E. 22 ¶ 2; D.E. 20 ¶¶ 77-78. In other words,

Plaintiff will not suffer prejudice if the Motion is granted because Plaintiff would still have the uninhibited right to litigate its claims against World Magic Games.

Lastly, World Magic Games argues that it failed to timely respond to Plaintiff's Complaint as a result of Defendants' counsel's legal assistant's confusion concerning her responsibilities with respect to this case, which constitutes a "good reason" for failing to respond. In support thereof, World Magic Games submits the affidavit of Kevin D. Dennis, Defendants' counsel of record in this action ("Mr. Dennis"), and the affidavit of Ms. Tigges, Mr. Dennis' legal assistant. D.E. 20 pp. 34-44.

As an initial matter, Mr. Dennis represents that he assisted Defendants, but was not counsel of record, in a separate but related action brought in the Superior Court of Orange County, California (the "California Lawsuit"), and that Mr. Dennis was "instrumental in retaining California counsel for the Defendants and was heavily involved in the legal and factual discussions (of improper venue and personal jurisdiction . . . and failure of guaranty)." *Id.* p. 34, ¶¶ 1, 4. However, Mr. Dennis and his law firm did not file and were "not responsible for any filings in the California Lawsuit." *Id.* ¶ 3. For this reason, Mr. Dennis' legal assistant, Ms. Tigges, was "instructed that undersigned counsel was merely monitoring the California Lawsuit and providing advice to local counsel for the Defendants in California." *Id.* ¶¶ 12. Ms. Tigges' responsibilities were only to "file undersigned counsel's emails, filings and papers related to" the California Lawsuit. *Id.* ¶ 13.

On or about June 24, 2016, Plaintiff voluntarily dismissed the California Lawsuit. *Id.* ¶ 14. In August 2016, Plaintiff filed the instant action, which is nearly identical to the California Lawsuit and is against the same Defendants. D.E. 1. On August 8, 2016, Mr. Dennis filed a Notice of Appearance and Motion for Enlargement of Time to respond to Plaintiff's Complaint, which the Court granted in part, providing Defendants until August 12, 2016 to respond to the Complaint. D.E. 10, 13. Mr. Dennis represents that from this point forward, Ms. Tigges failed to notify

10

Defendants' counsel of <u>any</u> CM/ECF notices and, instead, filed away each of the CM/ECF notices issued in the instant action. D.E. 20 p. 34-44.

Moreover, Mr. Dennis represents that he prepared a Motion to Dismiss on behalf of Mr. Alawie and an Answer on behalf of World Magic Games, which he placed on Ms. Tigges' desk, but that Ms. Tigges failed to file such documents. *See* D.E. 20, p. 5, ¶ 25. Mr. Dennis further represents that he was unaware that his office had failed to file responsive pleadings until October 8, 2016, when he received a certified UPS mail containing the hard copy of the Plaintiff's discovery in aid of execution of the Final Default Judgment. D.E. 20 p. 43, ¶ 23.

In response, Plaintiff raises three principal arguments. First, Plaintiff argues World Magic Games has no meritorious defenses because World Magic Games fails to raise <u>any</u> affirmative defenses in its Answer. D.E. 24 pp. 8-9. Second, Plaintiff argues that where a defendant lacks a meritorious defense, a Plaintiff can show that "the delay and expense in vindicating the plaintiff's rights *does* amount to an undue prejudice." *Id.* p. 9. Lastly, Plaintiff argues that the mistakes by Mr. Dennis and Ms. Tigges do not demonstrate a "good reason" for failing to respond to the Complaint because World Magic Games had an independent obligation to act diligently to ensure that their counsel was protecting their interests. D.E. 24 p. 11. In other words, it was World Magic Games' "sole responsibility to ensure that a timely response to the complaint was filed." *Id.* pp. 11-12 (internal citation and quotations omitted).

The Court will not vacate Final Default Judgment as to World Magic Games under Rule 60(b)(1). As an initial matter, World Magic Games' Answer is insufficient to demonstrate the existence of a meritorious defense under Rule 60(b)(1). As the Eleventh Circuit has made clear, a "general denial of the plaintiff's claims contained in an answer or another pleading is not sufficient" to satisfy Rule 60(b)(1). *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1296 (11th Cir. 2003) (affirming denial of motion to

vacate final default judgment where the defendant relied on documents that "amount[ed] to little more than general denials offered only at the highest order of abstraction," as the Eleventh Circuit had "made clear in *Solaroll* that a moving party cannot satisfy the burden of showing a meritorious defense simply by 'asserting a general denial'"); *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1133.

Moreover, Plaintiff would likely be prejudiced by vacating the Final Default Judgment as to World Magic Games because Plaintiff: (1) already propounded discovery in aid of execution of the Final Default Judgment; and (2) would be required to litigate its claims against World Magic Games, in the event that the Court were to vacate the default judgment, even though there is "no factual basis" for the company to raise a "meritorious defense." *See, e.g.*, *Davis v. Oldham*, No. 607CV941ORL31DAB, 2007 WL 4115292, at *6 (M.D. Fla. Nov. 16, 2007) ("Some courts have found that the threat of prejudice is much greater when no factual basis for a meritorious defense exists."); *In re Tires & Terms of Columbus, Inc.*, 262 B.R. 885, 889 (Bankr. M.D. Ga. 2000) ("Courts have generally found that the threat of prejudice is much greater when no factual basis for a meritorious defense exists. The rationale is that the delay in vindicating the plaintiff's rights and the expense in prosecuting a case where the defendant has defaulted and has no meritorious defense amount to undue prejudice to the plaintiff.").

Lastly, World Magic Games fails to show any "good reason" for its failure to respond to Plaintiff's Complaint. As an initial matter, the Eleventh Circuit has made clear that "an attorney's failure to respond to a [pleading] does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1132. Moreover, "[a]t the very least, a party must demonstrate his own diligence, even where the attorney commits gross misconduct." *S.E.C. v. Simmons*, 241 F. App'x 660, 664 (11th Cir. 2007); *Florida Physician's Ins. Co.*, 8 F.3d at 784 ("Ehlers, as a defendant in a suit alleging millions of dollars in damages, had a duty to act with some diligence to ensure that his attorney was protecting his interests. He did not

do so, and we find that the district court did not abuse its discretion in finding that Ehlers did not establish good cause for his default.").

Here, World Magic Games' counsel had a duty to respond to Plaintiff's Complaint regardless of whether he was preoccupied with other litigation or delegated tasks to other members of his office, such as his legal assistant. *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1132. Nonetheless, World Magic Games' counsel failed to timely respond to Plaintiff's Complaint on World Magic Games' behalf and, even worse, waited until nearly two months after Final Default Judgment was entered to move to set the judgment aside. D.E. 20, 22.

World Magic Games, as a defendant in a suit alleging nearly a million dollars in damages, also had an independent "duty to act with some diligence to ensure that [its] attorney was protecting [its] interests," but failed to take any action to ensure that its interests were diligently defended. *Simmons*, 241 F. App'x at 664. Under these circumstances, World Magic Games fails to show *any* reason for failing to respond to Plaintiff's complaint, much less a "good reason," and therefore fails to show excusable neglect. *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 935-36 (11th Cir. 2007) ("Our Rule 60(b)(1) cases have consistently held that where internal procedural safeguards are missing, a defendant does not have a 'good reason' for failing to respond to a complaint."); *Florida Physician's Ins. Co.*, 8 F.3d at 784 (affirming denial of motion to vacate final default judgment where the defendant's "lack of diligence is easily analogized to a company's failure to establish minimal procedural safeguards"); *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir. 1987) ("Default that is caused by the movant's failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect.").

For these reasons, the Court will not vacate the Final Default Judgment with respect to World Magic Games under Fed. R. Civ. P. 60(b)(1).

ii.    *The Catch-All Provision under Rule 60(b)(6)*

World Magic Games also argues that the Final Default Judgment should be vacated in the interests of justice under Rule 60(b)(6) because the judgment exceeds $911,000 in principal and payment of the judgment would, undoubtedly, cause the company to suffer "extreme hardship." *See* D.E. 20 pp. 19-20.

In response, Plaintiff argues that there is no case law to support World Magic Games' argument that there are "exceptional circumstances" where: (1) "Defendants received nearly a million dollars' worth of goods (which they admittedly failed to pay for);" and (2) the Court subsequently entered a "judgment reflecting the amount admittedly due and owing." D.E. 24 p. 12.

The Court agrees with Plaintiff. Relief under subsection (b)(6) of Federal Rule of Civil Procedure 60 is an "extraordinary remedy" that should only be granted under "exceptional circumstances." *Griffin*, 722 F.2d at 680; *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1133. In addition, "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." *Solaroll Shade & Shutter Corp.*, 803 F.2d at 1133. Accordingly, the only possible ground for the Court to grant relief under Rule 60(b)(6), and the only ground argued by World Magic Games, is that failure to vacate the Final Default Judgment would subject World Magic Games to an expensive judgment that would impose costs on the company. D.E. 20, 22. These circumstances are not "so extraordinary [as] to entitle [World Magic Games] to relief" from the Court's Final Default Judgment under Rule 60(b)(6). *See, e.g.*, *Sequoia Fin. Sols., Inc. v. Warren*, No. 15-11534, 2016 WL 4375008, at *3 (11th Cir. Aug. 17, 2016). Accordingly, it is

ORDERED AND ADJUDGED as follows:

(1) The Motion, D.E. 20 and D.E. 22, is GRANTED IN PART AND DENIED IN PART.

(2) The Final Default Judgment, D.E. 19, is HEREBY VACATED **solely with respect to Mr. Alawie.** The Court will separately enter an Amended Final Default Judgment.

(3) Count II of Plaintiff's Complaint, D.E. 1, is DISMISSED WITHOUT PREJUDICE. Count III of Plaintiff's Complaint, D.E. 1, is also DISMISSED WITHOUT PREJUDICE **solely with respect to Plaintiff's claims against Mr. Alawie**.

(4) Plaintiff SHALL file an Amended Complaint against Mr. Alawie, which re-pleads Counts II and III, should it wish to do so, no later than **Friday, January 27, 2017. Plaintiff SHALL NOT include any additional claims or defendants**.

(5) Should Plaintiff file an Amended Complaint, Plaintiff and Mr. Alawie SHALL file a Joint Planning and Scheduling Report, which contains all of the information set forth in the Order Setting Initial Planning and Scheduling Conference, D.E. 5, no later than **Wednesday, February 1, 2017.**

(6) This case is HEREBY SET for an Initial Planning and Scheduling Conference on **Friday, February 3, 2017, at 10:00 a.m.**

(7) The Clerk of Court SHALL REOPEN this case.

DONE AND ORDERED in chambers at Miami, Florida this 19th day of January, 2017.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record

15